EDWARD M. GERGOSIAN (105679)
ROBERT J. GRALEWSKI, JR. (196410)
BROOKE E. HODGE (234411)
GERGOSIAN & GRALEWSKI LLP
655 West Broadway, Suite 1410
San Diego, CA 92101
Tel.: (619) 237-9500
Facsimile: (619) 237-9555
ed@gergosian.com

Attorneys for Plaintiff and Claimant
ANTHONY N. LAPINE

Simon Frankel, SB # 171552
Richard A. Jones, SB # 135248
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 5916091
sfrankel@cov.com

Eugene D. Gulland *(pro hac vice)*
Donald J. Ridings Jr. *(pro hac vice)*
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
egulland@cov.com

Attorneys for Defendant
KYOCERA CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY N. LaPINE,<br><br>    Plaintiff and Claimant,<br><br>vs.<br><br>KYOCERA CORPORATION,<br><br>    Defendant and Respondent. | Case No. CV-07-06132 MHP<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: April 7, 2008<br>Time: 4:00 p.m.<br>Judge: Hon. Marilyn H. Patel |

In accordance with the Court's Standing Order, the parties hereby submit this Joint Case Management Conference Statement in advance of the Case Management Conference scheduled for April 7, 2008 at 4:00 p.m.

1. **Jurisdiction and Service:** This case arises from an arbitral award issued by the Tribunal of the ICC International Court of Arbitration. This Court has jurisdiction pursuant to Chapter II of the Federal Arbitration Act, 9 USC § 201 *et seq.* ("FAA"). The Court also has jurisdiction over this case based on diversity of citizenship under 28 U.S.C. §1332. Anthony N. LaPine is an individual who resides in Los Gatos, California. Kyocera Corp. is a corporation organized and existing under the laws of Japan. Plaintiff has alleged damages of over $30 million. Thus, subject matter jurisdiction is proper.

There are no issues regarding personal jurisdiction or venue. Eugene Gulland of Covington & Burling LLP, outside counsel for Kyocera, executed a Waiver of Service of Process of Motion to Vacate on behalf of Kyocera on December 10, 2008, pursuant to Rule 4 of the Federal Rules of Civil Procedure. No parties remain to be served.

2. **Facts**: This case does not involve disputed factual issues. On August 29, 2007, the Arbitral Tribunal for the ICC International Court of Arbitration (the "Tribunal") granted defendant Kyocera Corporation's ("Kyocera", "Defendant" or "Respondent") motion for summary adjudication and issued a final award ("Final Award") in *Anthony N. LaPine v. Kyocera Corp.,* No. 7099 BGD/OLG/ERS/MS/JB. The Tribunal dismissed Plaintiff's claims on the merits with prejudice; dismissed Defendant's counterclaims on the merits with prejudice; and dismissed any other claims filed by any party to the arbitration. Plaintiff has moved to vacate the Final Award, and Defendant has cross-moved to confirm it. The parties have included detailed statements of the facts that gave rise to the arbitration proceeding in their respective motions, which are described below.

3. **Status of Proceedings:** On December 3, 2007, Plaintiff filed this action, seeking to vacate the Final Award. Plaintiff caused the Motion to Vacate Arbitration Award to be served on December 3, 2007 and Waiver of Service of Process to be served on December 4, 2007. Counsel representing Kyocera signed and returned the Waiver of Service on December 10, 2007.

The case was initially assigned to Magistrate Judge James Larson. Shortly thereafter, Defendant informed Plaintiff that it would request reassignment of the case to a district court judge. Defendant filed its request for reassignment to a district court judge on February 15, 2008. On February 21, 2008, the case was assigned to Judge Marilyn H. Patel and the parties were notified that all pending hearing dates were vacated until further notice. On February 26, 2008, the Court informed the parties that a Case Management Conference would take place on April 7, 2008.

On February 29, 2008, Defendant filed its Cross-Motion to Confirm Arbitral Award; Memorandum of Points and Authorities (1) In Support of Cross-Motion to Confirm Arbitral Award, and (2) In Opposition to Plaintiff's Motion to Vacate. Defendant set a hearing date of April 7, 2008, without Plaintiff's agreement. Defendant also filed an Administrative Motion for Leave to File Single Consolidated Memorandum Addressing Two Motions in Excess of 25 pages, which the Court granted on March 3, 2008.

The parties engaged in several conversations to set a briefing schedule and a hearing date to allow both parties the necessary time to prepare Plaintiff's opposition to Defendant's motion to confirm and Plaintiff's and Defendant's replies to the motion to vacate and the motion to confirm. On March 14, 2007, the parties filed a stipulation with the court requesting a new hearing date and briefing schedule. On March 19, 2007, this Court granted the parties' proposed order.

4.   **Legal Issues:**

   **(a)   Plaintiff's Statement**

Plaintiff moves this Court to decide the following issues raised in his motion to vacate and his opposition to Kyocera's cross-motion to confirm arbitral award:

   i.   Whether the Final Award should be vacated under the express and implied grounds specified under Chapter 1 of the FAA;

   ii.   Whether the International Convention on the Recognition and Enforcement of Foreign Arbitral Awards Article V defenses to enforcement are the exclusive grounds for review of the Final Award; and

   iii.   Whether failure to apply the contracted-for FAA and expanded for

judicial grounds for review invalidates the arbitration agreement.

    **(b)**    **Defendant's Statement**

Defendant has identified the following issues to be decided in its cross-motion to confirm award filed with this Court:

    i.    Whether the Final Award must be recognized and enforced as provided in the Convention and the Federal Arbitration At, 9 U.S.C. §§201, et seq.; and

    ii.    Whether plaintiff has demonstrated any valid ground for vacating the Final Award.

5. **Motions:** The parties have filed the motions described in paragraphs 3 and 4, above, and do not anticipate further motions. On March 19, 2007, the Court granted the parties' joint stipulation to set hearing date and briefing schedule concerning responses to Plaintiff's Motion to Vacate and Defendant's Motion to Confirm Arbitral Award. Pursuant to the stipulation, the the following deadlines have been set for filing oppositions and replies to challenge or support Plaintiff's motion to vacate or Defendant's motion to confirm the Final Award:

    a.    Plaintiff's Opposition to Defendant's Motion to Confirm Arbitral Award is due March 31, 2008;

    b.    Defendant's Reply to Plaintiff's Opposition to Motion to Confirm Arbitral Award is due April 14, 2008;

    c.    Plaintiff's Reply to Defendant's Opposition to Motion to Vacate Arbitration Award is due on April 14, 2008;

    d.    Hearing on the motions is set for April 28, 2008.

6. **Amendment of Pleadings:** The parties do not anticipate amending their pleadings at this time.

7. **Evidence Preservation/Disclosures/Discovery**: The parties believe that the motion and cross-motion define the issues to be considered by the Court. Because those issues are legal in nature, no discovery is anticipated at this time.

8. **Class Action:** This is not a class action.

1    9.    **Related Cases:**  There are no related cases or proceedings pending before another
2 judge of this court, or before another court or administrative body.

3    10.    **Relief:**  Plaintiff seeks to vacate the final arbitration award entered by the ICC
4 International Court of Arbitration ("ICC") on August 29, 2007. This Court may vacate the award
5 pursuant to Chapter I of the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*, and relevant California
6 law. Specifically, Plaintiff requests this Court to grant Plaintiff's motion to vacate arbitration
7 award and deny Defendant's motion to confirm on the grounds that the panel manifestly
8 disregarded the law and the panel exceeded its powers.

9    Defendant seeks to confirm the Final Award under the standards set forth in Chapter II of
10 the Federal Arbitration Act, 9 U.S.C. §201 *et seq.*, and the Convention on Recognition and
11 Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6997, 300 U.N. 38 (the
12 "Convention"). Defendant also contends that Plaintiff's motion to vacate the Final Award should
13 be denied because it is without basis in fact or law.

14    11.    **Settlement and ADR:**  A proposal to settle this case was made and declined
15 during the arbitration proceedings. The parties do not anticipate settlement.

16    12.    **Consent to Magistrate Judge:**  This case was reassigned to District Court Judge
17 Marilyn H. Patel on February 21, 2008. All parties agree with that reassignment.

18    13.    **Other References:**  The parties have arbitrated this case before the ICC. This case
19 is before the Court to either confirm or deny the Final Award issued by the international arbitration
20 panel. Therefore, this case is not suitable for reference to additional binding arbitration (unless the
21 Court determines there are issues to be considered on remand), a special master, or the Judicial
22 Panel on Multidistrict Litigation.

23    14.    **Narrowing of Issues**:  As stated above, the parties have filed motions under the
24 FAA to either vacate or confirm the Final Award.  The issues presented in these motions are
25 limited, and the parties do not believe they are susceptible to further narrowing.

26    15.    **Expedited Schedule/Scheduling/Trial:**  Because this case will be resolved by the
27 Court's decision on the pending cross-motions concerning the Final Award, these subjects are not
28 applicable.

16. **Disclosure Of Non-Party Interested Entities Or Persons**: Plaintiff Anthony N. LaPine filed a certificate of interested entities or persons with this court in compliance with Civil Local Rule 3-16. Plaintiff certifies the following:

> Pursuant to Civil L.R. 3-16, the undersigned hereby certifies that as of this date, other than the named parties, there is no such interest to report.

Defendant has filed a "Certification of Interested Entities or Persons" in compliance with Civil Local Rule 3-16. Defendant's certification states:

> Pursuant to Federal Rule of Civil Procedure 7.1 and Northern District of California 3-16, Defendant and Respondent Kyocera Corporation, through the undersigned counsel, hereby certifies that it is a public corporation organization under the laws of Japan. There is no other parent corporation of Defendant, and no publicly-held corporation owns ten percent (10%) or more of Defendant's stock.

17. **Other matters:** None.

Respectfully submitted,

DATED: March 27, 2008  GERGOSIAN & GRALEWSKI LLP

By:  /s/ Edward M. Gergosian
     Edward M. Gergosian
     Robert J. Gralewski, Jr.
     Brooke E. Hodge

*Attorneys for Plaintiff Anthony N. LaPine*

DATED: March 27, 2008  COVINGTON & BURLING LLP

By:  /s/ Concurrence obtained General Order 45B.X
     Richard A. Jones
     Simon J. Frankel
     Eugene D. Gulland
     Donald J. Ridings, Jr.

*Attorneys for Defendant Kyocera Corporation*