```
1  EDWARD M. GERGOSIAN (105679)
   ed@gergosian.com
2  ROBERT J. GRALEWSKI, JR. (196410)
   bob@gergosian.com
3  BROOKE E. HODGE (234411)
   brooke@gergosian.com
4  GERGOSIAN & GRALEWSKI LLP
   655 West Broadway, Suite 1410
5  San Diego, CA  92101
   Telephone:  (619) 237-9500
6  Facsimile:   (619) 237-9555

7  Attorneys for Plaintiff and Claimant
   ANTHONY N. LaPINE
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHEN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY N. LaPINE,<br><br>　　Plaintiff and Claimant,<br><br>vs.<br><br>KYOCERA CORPORATION,<br><br>　　Defendant and Respondent. | Case No. CV-07-06132 MHP<br><br>**DECLARATION OF BROOKE E. HODGE IN SUPPORT OF PREVIOUSLY FILED MOTION TO VACATE ARBITRATION AWARD AND OTHER PREVIOUSLY FILED BRIEFS TO SUBMIT EXCERPTS FROM ARBITRAL RECORD**<br><br>Date: May 19, 2008<br>Time: 2:00 p.m.<br>Hon. Marilyn H. Patel |

DECLARATION OF BROOKE E. HODGE
Case No. CV-07-06132 MHP

I, Brooke E. Hodge hereby declare as follows:

1. I am a member in good standing of the California State Bar and an associate with the law firm of Gergosian & Gralewski LLP ("Plaintiff's Counsel"), counsel of record for Plaintiff Anthony N. LaPine in *Anthony N. LaPine v. Kyocera Corporation*, CV-07-06132 MHP. I make this declaration based on my personal knowledge in support of Anthony N. LaPine's Motion to Vacate Arbitration Award and other previously filed briefs with the Court. If called to testify to the contents thereof, I could and would competently do so.

2. On or about December 3, 2007, Plaintiff filed his Motion to Vacate Arbitration Award with the Northern District of California. In conjunction with the motion, Plaintiff filed the Declaration of Brooke E. West in Support of Anthony N. LaPine's Motion to Vacate Arbitration Award ("BEW Decl.") that included thirty-four exhibits, documents all previously a part of the arbitral record.

3. On or about May 12, 2008, while preparing for the May 19, 2008 hearing before this Court, it was brought to my attention that six exhibits referred to in briefs and exhibits attached to BEW Decl. filed with this Court, were inadvertently not included with earlier filings with this Court.

4. The six exhibits that were inadvertently not included in earlier filings with the Court are all documents that are part of the arbitral record below, and while each is referenced in the parties' briefing on the motions, they are not included with any prior filings in federal court. The following six documents were inadvertently not filed with the Court are attached as exhibits[1] hereto:

**Exhibit 1**     December 22, 1986 Letter from Bruce McRoy, previous counsel to Kyocera Corporation, re LaPine Technology Corporation Definitive Agreement and Plan of Reorganization (referenced in Exhibit 17 to BEW Decl.; Ex. 6 to Kyocera's Motion for Summary Adjudication).

**Exhibit 2**     March 16, 1988 Notice of Payment and Exercise Procedures and Certain Factors (referenced in Exhibit 21 to BEW Decl.; Ex. E to Claimant's Response to Motion for Summary Adjudication).

---

[1] Exhibits 1-6 of this declaration refers to exhibits attached hereto and will be defined as ("Brooke E. Hodge Declaration in support of previously filed motion to vacate arbitration award and other previously filed briefs to submit excerpts from arbitral record, Exhibit__").

| | | |
|---|---|---|
| 1 | **Exhibit 3** | *Thomas Evans, Jr., et al v. Prudential Securities, et al,* C87-20772 RPA, Class Action Complaint (cited to in Plaintiff's Motion to Vacate, pp. 18-20; Referenced in Exhibit 28 to BEW Decl.; Ex. R to Declaration of Claimant Anthony N. LaPine in Response to Tribunal's April 11, 2007 Letter). |
| 4 | **Exhibit 4** | Notice of *Evans* Class Action (referenced in Exhibit 28 to BEW Decl.; Ex. H to Claimant's Response to Kyocera's Motion for Summary Adjudication). |
| 6 | **Exhibit 5** | February 20, 2006 Letter from Eugene Gulland to Arbitral Panel re *Anthony N. LaPine v. Prudential Bache Trade Corporation, et al.* No. 7099/BGD/OLG/ERS/MS/JB (referenced in Exhibit 28 to BEW Decl.; Ex. U to Declaration of Claimant Anthony N. LaPine In Response to Tribunal's April 11, 2007 Letter). |
| 9 | **Exhibit 6** | Declaration of Claimant Anthony N. LaPine (referenced in Exhibit 21 to BEW Decl.; Ex. C to Claimant's Response to Kyocera's Motion For Summary Adjudication |

5. On or about May 14, 2008, I brought the abovementioned matter to the attention of Eugene Gulland, counsel for Kyocera Corporation ("Defendant"). Via phone and email, I informed Mr. Gulland that several documents that were a part of the arbitral record referenced in previously filed briefs were omitted as exhibits to the BEW Decl. I notified Mr. Gulland of our intent to submit a stipulation to the Court to include the six documents attached hereto to the record. I included a list and copies of all six documents along with the location where the documents appeared in briefs previously filed with this Court.

6. On or about May 15, 2008, Mr. Gulland responded to my request for the parties to stipulate to joining the six documents referenced above to the record. Mr. Gulland acknowledged receipt of the six documents, commented that he was prepared to stipulate that the documents were a part of the record before the arbitrators and concurred that they may be provided to this Court as such. However, Mr. Gulland informed me that he would strongly oppose any effort to make arguments based on, using, or related to the documents that were not included in LaPine's Motion to Vacate or his Opposition to Kyocera's Motion to Confirm.

7. Although we acknowledge Mr. Gulland's objection, we strongly believe that these documents should be joined to the record and the use of their contents should not be limited during the hearing. We believe that both parties should be allowed to refer to and rely on these documents in oral argument at the May 19, 2007 hearing, because they are referenced to

1  and relied upon in documents already filed with the district court. Moreover, the inclusion of
2  these documents does not prejudice Defendant in any manner. Defendant has had the
3  opportunity to review these documents as part of the arbitral record and has been provided an
4  additional copy of each document in advance of the hearing. In fact, one of the documents
5  attached to this declaration (Ex. 1) was originally an exhibit to Kyocera's Motion for Summary
6  Adjudication. Finally, Defendant will have the opportunity to voice any objections on the
7  record at the hearing.

8.  In light of the information contained in this declaration, the Court should allow Plaintiff's Counsel to submit the excerpts attached hereto from the arbitral record referenced in previously filed briefs.

I declare under penalty under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed the 15th day of May 2008, at Los Angeles, California.

DATED: May 15, 2008

        /s/ Brooke E. Hodge
Brooke E. Hodge
brooke@gergosian.com

**CERTIFICATE OF SERVICE**

I certify that I am at least 18 years of age, and not a party to this action. My business address is 655 West Broadway, Suite 1410, San Diego, California 92101.

On May 15, 2008 2008, the following document was filed electronically with the Clerk of Court using the CM/ECF system which will send an electronic notice to all parties registered for electronic filing in this case:

**DECLARATION BROOKE E. HODGE IN SUPPORT OF PREVIOUSLY FILED MOTION TO VACATE ARBITRATION AWARD AND OTHER PREVIOUSLY FILED BRIEFS TO SUBMIT EXCERPTS FROM ARBITRAL RECORD**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: May 15, 2008                         /s/ Johanna Cervantes
                                            Johanna Cervantes