**EXHIBIT 3**

FILED

87 NOV 23 PM 4: 24

WILLIAM L. WHITTAKER
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CALIF.

C 87   20772 RPA

1   LOWELL R. WEDEMEYER, LAWYER
    3002 CATALINA DRIVE
2   DAVIS, CALIFORNIA, 95616
    (916) 757-2200
3   Attorney for Plaintiff
    THOMAS M. EVANS, JR.
4

5               UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
6

                                            Summons
                                            issued.

7   THOMAS M. EVANS, JR., an individ- )   CASE NO.
    ual, on behalf of himself and a    )   CLASS ACTION
8   class of all others similarly sit-)   CONTRACT
    uated, and derivatively on behalf  )   JURY TRIAL DEMANDED
9   of a class of shareholders of      )
    LaPine Technology Corporation and  )   1. FRAUD, FEDERAL SECURI-
10  LaPine Holding Company;            )   TIES, RULE 10b-5
    Plaintiff                          )   2. FRAUD, FEDERAL SECURI-
11             vs                      )   TIES ACT OF 1933
    PRUDENTIAL SECURITIES GROUP, INC., )   3. FRAUD, CALIFORNIA
12  a Corporation; PRUDENTIAL-BACHE    )   SECURITIES LAW
    TRADE CORPORATION, a corporation;  )   4. VIOLATION OF
13  K.K. P B CORPORATION, a corpora-   )   CALIFORNIA PERMIT
    tion organized and existing under  )   5. DECEIT AND COMMON FRAUD
14  the laws of Japan; PRUDENTIAL      )   6. BREACH OF CONTRACT
    CAPITAL AND INVESTMENT SERVICES,   )   7. BREACH OF COVENANT OF
15  INC., a corporation; R&D FUNDING   )   GOOD FAITH AND FAIR DEALING
    CORP., a corporation; MATTHEW D.   )   8. DECLARATORY RELIEF RE
16  FORREST, an individual; KYOCERA    )   WARRANT EXERCISE
    CORPORATION, a corporation organi- )   9. SHAREHOLDERS' DERIVATIVE
17  zed under the law of Japan;        )   ACTION, FEDERAL SECURITIES
    KYOCERA (HONG KONG), LTD., a cor-  )   FRAUD
18  poration; LAPINE HOLDING COMPANY,  )   10.  SHAREHOLDERS' DERIVA-
    A Delaware Corporation; LAPINE     )   TIVE ACTION, BREACH OF
19  TECHNOLOGY CORPORATION, a Califor- )   FIDUCIARY DUTY UNDER CALI-
    nia corporation;                   )   FORNIA LAW
20  DOES 1 through 200, inclusive,     )   11.  SHAREHOLDERS' DERIVA-
              Defendants              )   TIVE ACTION, MATERIALLY
21                                         AIDING VIOLATION OF
                                           CALIFORNIA PERMIT
22

23

24

25

26

27

28

    COMPLAINT                    1

JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . .    2

CLASS ACTION ALLEGATIONS . . . . . . . . . . . . . . . . . . .    2

NUMEROSITY. . . . . . . . . . . . . . . . . . . . . . . . . .    3

FICTITIOUS DEFENDANTS. . . . . . . . . . . . . . . . . . . . .    8

IDENTIFICATION OF THE PRUDENTIAL-BACHE GROUP OF DEFENDANTS . . . . . .    8

IDENTIFICATION OF THE KYOCERA DEFENDANTS . . . . . . . . . . . . .   10

EXCHANGE OF SECURITIES PURSUANT TO MERGER . . . . . . . . . . . .   13

WRITTEN REPRESENTATIONS . . . . . . . . . . . . . . . . . . . .   14

MATERIALITY . . . . . . . . . . . . . . . . . . . . . . . . .   16

INDUCEMENT . . . . . . . . . . . . . . . . . . . . . . . . . .   16

JUSTIFIABLE RELIANCE . . . . . . . . . . . . . . . . . . . . .   16

FALSITY AND MISLEADING NATURE OF REPRESENTATIONS . . . . . . . . .   16

PLAINTIFF AND THE CLASS WERE MISLED . . . . . . . . . . . . . . .   18

DEFENDANTS' KNOWLEDGE AND SCIENTER . . . . . . . . . . . . . . .   18

MATERIALITY OF UNDISCLOSED INTERIM AGREEMENT AND ADDENDUM TO FINANCING
    AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . .   20

PROXIMATE CAUSATION OF INJURY . . . . . . . . . . . . . . . . .   21

DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . .   22

FIRST COUNT: VIOLATION OF FEDERAL SECURITIES LAWS, FRAUD,
    RULE 10b-5; SEEKING DAMAGES FROM ALL DEFENDANTS . . . . . . . . .   23

SECOND COUNT:  FRAUD, VIOLATION OF SECURITIES ACT OF 1933
    SEEKING DAMAGES FROM DEFENDANT PARTIES TO REORGANIZATION PLAN . . . . .   24

THIRD COUNT: VIOLATION OF CALIFORNIA CORPORATE SECURITIES LAWS;  SEEKING
    DAMAGES FROM ALL DEFENDANTS . . . . . . . . . . . . . . . . .   25

FOURTH COUNT: VIOLATION OF CALIF. SECURITIES PERMIT;  SEEKING DAMAGES FROM
    ALL "ISSUER" DEFENDANTS AND MATERIAL AIDERS OF VIOLATIONS . . . . .   26

FIFTH COUNT:   DECEIT AND COMMON FRAUD;   SEEKING ACTUAL AND EXEMPLARY
    DAMAGES FROM ALL DEFENDANTS . . . . . . . . . . . . . . . . .   28

EXEMPLARY DAMAGES . . . . . . . . . . . . . . . . . . . . . .   30

SIXTH COUNT:    BREACH  OF  REORGANIZATION  PLAN;  SEEKING  DAMAGES  FROM
    PRUDENTIAL-BACHE COMPANIES AND KYOCERA COMPANIES WHO WERE PARTIES TO

THE REORGANIZATION PLAN . . . . . . . . . . . . . . . . . 30

ALTERNATIVE: THIRD PARTY BENEFICIARY CONTRACT . . . . . . . . . . . . . 32

SEVENTH COUNT:   BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING;
    SEEKING DAMAGES FROM PRUDENTIAL-BACHE COS. AND KYOCERA COS.  . . . . 33

EIGHTH COUNT:   SEEKING DECLARATION CONCERNING EXERCISE OF WARRANTS AS
    AGAINST PRUDENTIAL-BACHE COS., KYOCERA COS., LAPINE HOLDING, AND
    POST-MERGER LAPINE . . . . . . . . . . . . . . . . . . . . . . . . 35

NINTH COUNT:   SHAREHOLDERS' DERIVATIVE ACTION; SECURITIES FRAUD, FEDERAL
    LAW;   SEEKING DAMAGES AGAINST PRUDENTIAL-BACHE COMPANIES AND KYOCERA
    COMPANIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

SHAREHOLDER DERIVATIVE ACTION ALLEGATIONS . . . . . . . . . . . . . 38

CORPORATE FEDERAL SECURITIES FRAUD CLAIM . . . . . . . . . . . . . 39

TENTH COUNT:  SHAREHOLDERS' DERIVATIVE ACTION; BREACH OF
    FIDUCIARY DUTY UNDER CALIFORNIA LAW;   DAMAGES AND CONSTRUCTIVE
    TRUST AGAINST PRUDENTIAL COMPANIES AND KYOCERA COMPANIES.  . . . . . . . 40

ELEVENTH COUNT:   SHAREHOLDERS' DERIVATIVE ACTION FOR VIOLATION OF CAL.
    PERMIT;   CAL. CORP CODE SECS. 25120 AND 25504.1;  SEEKING EQUITABLE
    REMEDIES AND DAMAGES AGAINST ALL DEFENDANTS . . . . . . . . . . . . 42

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

DEMAND FOR JURY TRIAL . . . . . . . . . . . . . . . . . 45

VERIFICATION . . . . . . . . . . . . . . . . . . . . . . . . 46

Plaintiff, THOMAS M. EVANS, JR., for causes of action alleges as follows:

JURISDICTION AND VENUE

1. Jurisdiction of this action is founded upon Federal Questions within the meaning of 28 U.S.C. Sec. 1331, and under Section 27, of the Securities Exchange Act, 15 U.S.C. Sec. 78aa; to wit, claims arising under the federal Securities Exchange Act of 1934, as amended, 15 U.S.C. Sec. 78j, and Rule 10b-5, 17 C.F.R. Sec. 240.10b-5, and claims arising under the federal SECURITIES ACT OF 1933, Sec. 12, 15 U.S.C., Sec. 77l.

2. Additional claims under California law are asserted under jurisdiction pendent from the Federal Questions.

3. Venue is placed in the United States District Court for the Northern District of California pursuant to 28 U.S.C. Secs. 1391, subsections (a) and (c). The transactions which are the subject matter of this action primarily occurred, and the cause of action arose, in the Northern District of California, in and about Santa Clara County, California. The principal office of the reorganized corporation LAPINE TECHNOLOGY CORPORATION has been in Milpitas, California, at all times material herein. In addition, plaintiff is informed and believes and on that ground alleges that each of the defendants has had sufficient contacts with the Northern District of California in connection with the transactions which are the subject matter of this complaint to sustain venue in the Northern District.

4. Plaintiff THOMAS M. EVANS, JR. is an individual who resides in the State of California, County of Santa Cruz.

CLASS ACTION ALLEGATIONS

5. DEFINITION OF THE CLASS. Plaintiff brings this suit on behalf of himself and the following class of all others similarly situated:

Former shareholders of LAPINE TECHNOLOGY CORPORATION who received ORIGINAL NOTES and INITIAL WARRANTS of LAPINE HOLDING CORPORATION in connection with

the reorganization of LAPINE TECHNOLOGY CORPORATION which occurred on or about December 29, 1986.

Plaintiff is a member of the described class.

6.  NUMEROSITY.  Plaintiff alleges on information and belief that the number of class members exceeds 160 persons. (Proxy Stmt., pp. 66-67)  The class is so numerous that joinder of all members is impracticable within the meaning of Subsection (a)(1) of FRCP Rule 23.

7.  There are questions of law and fact common to the class, as alleged hereinafter in the First through Eighth Counts, within the meaning of subsection (a)(2) of FRCP Rule 23, to wit, whether the written proxy statement mailed to the class was materially misleading, and whether the merger transaction was closed fraudulently or otherwise illegally with respect to the class.

8.  The claims of plaintiff THOMAS M. EVANS, JR. are typical of the claims of the class within the meaning of subsection (a)(3) of FRCP Rule 23.

9.  Plaintiff will fairly and adequately protect the interests of the class within the meaning of subsection (a)(4) of FRCP Rule 23.

10.  The questions of law and fact common to the class predominate over any questions affecting only individual membersof the class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, within the meaning of subsection (b)(3) of FRCP Rule 23.

11.  In the alternative, plaintiff further alleges that the prosecution of separate actions by individual members of the class would create a risk of:

(i)  inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the parties opposing the class; or

(ii)  adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other

1  members not parties to the adjudications or substantially impair or impede

2  their ability to protect their interests,

3  all within the meaning of subsection (b)(1) of FRCP Rule 23.

4  12.  In the further alternative, plaintiff seeks declaratory relief in the

5  Seventh Count in a manner commonly applicable to all members of the class

6  within the meaning of subsection (b) of FRCP Rule 23.

7  15.  Common Business Background of Claims.  IAPINE TECHNOLOGY CORPORATION

8  ("PRE-MERGER IAPINE") owns proprietary technology for computer disk drives.

9  It has no manufacturing capacity of its own so it licensed a Japanese

10 company, the defendant KYOCERA, to·manufacture its proprietary disk drives.

11 As a method of financing PRE-MERGER IAPINE'S business, the defendant

12 PRUDENTIAL-BACHE COMPANIES purchased the disk drives in Japan from

13 KYOCERA,imported them into the United States, and resold them on terms to

14 PRE-MERGER IAPINE.  This was PRE-MERGER IAPINE's sole business.  16.  PRE-

15 MERGER IAPINE was under the practical control of the PRUDENTIAL-BACHE group

16 of financial companies who together held a controlling, minority block of the

17 voting stock, elected several directors, and controlled the principal

18 financing for IAPINE'S business.  The manufacturer KYOCERA and its affiliates

19 also held a large minority stock position in IAPINE.  Because of their

20 respective stockholder voting powers and their strategic commercial

21 positions, the defendant PRUDENTIAL-BACHE COMPANIES and the defendant KYOCERA

22 COMPANIES both were able as a practical matter to exercise controlling

23 influence upon PRE-MERGER IAPINE.  As a practical matter KYOCERA acting

24 unilaterally could only block or veto corporate business by withholding

25 manufactured disk drives.

26 16A.  Disputes developed between the PRUDENTIAL-BACHE COMPANIES and KYOCERA

27 over the commercial terms of the manufacture, purchase, importation, and re-

28 sale of the manufactured disk drives.  In this commercial dispute both the

1  financier PRUDENTIAL-BACHE and the manufacturer KYOCERA had a strangle hold

2  over the business of PRE-MERGER LAPINE, and the financier also had the

3  stockholder voting power to influence management of PRE-MERGER LAPINE.

4  17.   Common Corporate Reorganization Transaction.   The PRUDENTIAL-BACHE

5  COMPANIES and KYOCERA jointly promoted a reorganization of PRE-MERGER LAPINE,

6  purportedly as a means of settling their commercial disputes with each other.

7  The effect of the reorganization is that all voting shares in thereorganized

8  company are held by the defendants, two-thirds by the PRUDENTIAL-BACHE

9  COMPANIES, and one-third by KYOCERA, and their affiliates.  Plaintiff and the

10  class holding only non-voting debt instruments and warrants.  (Proxy Stmt.,

11  pp. ix-x and 6-7)  The non-voting debt instruments are personally guaranteed

12  by the PRUDENTIAL-BACHE COMPANIES for the benefit of plaintiff and the other

13  class members. (Proxy Stmt., p. 9)  In effect, the PRUDENTIAL-BACHE COMPANIES

14  bought the plaintiff class of minority shareholders out of LAPINE TECHNOLOGY

15  CORPORATION for cash and promissory notes, plus warrants entitling plaintiff

16  and the class to buy back up to 22.5% of the equity of the reorganized

17  company at a later date.

18  18.   The reorganization was structured as a complex, three-way merger in

19  which PRE-MERGER LAPINE merged with a new subsidiary of a new corporation

20  named LAPINE HOLDING CORPORATION.   The merger required approval of the

21  shareholders of PRE-MERGER LAPINE.  A copy of the Definitive Agreement and

22  Plan of Reorganization ("Reorganization Plan") was appended as Exhibit A to

23  the proxy statement sent to plaintiff and the Class.

24  19.   Common Falsehoods and Concealments in Proxy Statement. The critical

25  written representations made to plaintiff and the class in the reorganization

26  proxy statement are alleged with particularity in Paragraph 67 hereinafter.

27  In substance, the proxy statement represented (A) that the reorganization

28  would resolve commercial disputes between the defendant financier PRUDENTIAL-

1  BACHE and the defendant manufacturer KYOCERA, and (2) that certain written

2  agreements providing for future operations between the defendants financier

3  and manufacturer would be in place at the close of the reorganization, and

4  (3) that thewarrants would give the plaintiff class "the possibility of

5  substantial equity participation if the (reorganized) Company (were to be)

6  successful." (Proxy Statement, p. 30.)

7  20. The representations were material, as alleged in paragraph 68 below, and

8  were false and misleading as alleged with particularity in paragraphs 73-80

9  below.   In substance, the defendants PRUDENTIAL-BACHE COMPANIES and KYOCERA

10  knew they had continuing disputes between them.   However, they concealed this

11  fact from plaintiff and the other minority shareholders when they solicited

12  shareholder approval of the reorganization.

13  21.  Due to the dispute the promised commercial agreements between the

14  defendant financier and manufacturer were not signed at the close of the

15  reorganization.  At the time for close of the merger, the PRUDENTIAL-BACHE

16  COMPANIES and KYOCERA caused the reorganization to be closed anyway without

17  the promised agreements pursuant to a written INTERIM AGREEMENT between them

18  in which they explicitly acknowledged the continuing disputes between

19  themselves and the lack of signed agreements.   They promised to try to

20  negotiate a resolution of their disputes, but agreed that their interim

21  manufacturing and financing agreements would terminate approximately 90 days

22  after the merger if their disputes were not resolved by March 31, 1987.  The

23  INTERIM AGREEMENT was not disclosed to plaintiff and the other class members.

24  22.  In addition, PRUDENTIAL-BACHE TRADE CORPORATION executed an ADDENDUM TO

25  FINANCING AGREEMENT, purportedly with LAPINE TECHNOLOGY CORPORATION but

26  without  shareholder  approval,  which  provided  that  the  obligation  of

27  PRUDENTIAL-BACHE TRADECORPORATION to finance POST-MERGER LAPINE's business

28  would cease if KYOCERA did not execute the AMENDED TRADE AGREEMENT by March

1  31, 1987 and all secured obligations of IAPINE TECHNOLOGY CORPORATION to

2  PRUDENTIAL-BACHE TRADE CORPORATION could be declared immediately due and

3  payable.

4  23.  Thus, the commercial agreements actually signed at the close established

5  a 'drop dead' date of March 31, 1987 by which the commercial dispute between

6  the financier and manufacturer had to be settled, instead of providing for

7  the promised peaceful future operation of POST-MERGER IAPINE.

8  24.  Common Causation of Loss.  The PRUDENTIAL-BACHE COMPANIES and KYOCERA

9  failed to settle their dispute by the 'drop dead' date.  Litigation erupted

10  between them within months after the reorganization closed, in May, 1987.

11  The reorganized IAPINE HOLDING has been paralyzed by the dispute because the

12  disputing defendants hold all seats on the board and also are the sole

13  financier and sole manufacturer for the company.  As a result IAPINE HOLDING

14  has ceased normal business operations and is moribund.  Consequently, the

15  WARRANTS of IAPINE HOLDING issued to plaintiff and the other class members in

16  the reorganization have become worthless.  Thus, plaintiff and all other

17  members of the class of warrant holders have been subjected to a common loss

18  by reason of a common course of business to which they have been subjected by

19  the PRUDENTIAL-BACHE COMPANIES and KYOCERA.

20  25.  Common Need for Declaratory Relief Re Warrant Exercise.  Plaintiff and

21  the class have a series of warrant options available to them, each of which

22  has certain deadlines for exercise, beginning March 31, 1988.  The notes and

23  warrants "maybe amended to cure any ambiguity, defect or inconsistency or to

24  make any change that does not adversely affect the rights of any holder

25  thereof."  (Proxy Stmt., p. 10)   Plaintiff and the Class have a common need

26  for a declaration because the first deadline for exercise of a warrant option

27  is March 31, 1988.  Plaintiff and the class are being deprived of the

28  promised "possibility of substantial equity participation" in a successful,

1   reorganized IAPINE HOLDING by the wrongful continuation of the commercial

2   dispute between the defendants PRUDENTIAL-BACHE COMPANIES and KYOCERA.    If

3   the dominating shareholders are allowed to enforce the warrant expiration

4   dates and limit plaintiff and the Class to enforcement only of the notes,

5   then the defendants will have succeeded in utilizing their own wrongs to

6   eliminate the   "possibility of a substantial equity participation" in a

7   successful company which they promised to plaintiff and the class.

8   26.   Plaintiff thus seeks declarations in the Eighth Count in favor of

9   plaintiff and the class (i) that the deadline for exercise or expiration of

10  the warrants cannot be enforced by IAPINE HOLDING for the benefit of the

11  wrongful dominating shareholders, the PRUDENTIAL-BACHE COMPANIES, KYOCERA and

12  their affiliates, and (ii) that plaintiff and the Class cannot be limited to

13  enforcement only of the notes where the defendants have wrongfully destroyed

14  the value of the warrants.

15  27.   FICTITIOUS DEFENDANTS.   Plaintiff does not know the true names and

16  capacities of the defendants DOES 1 THROUGH 200 and therefore sues said

17  defendants by such fictitious names pursuant to the law of the State of

18  California.   Plaintiff will amend this complaint to state the true names and

19  capacities when the same have been ascertained.

20  IDENTIFICATION OF THE PRUDENTIAL-BACHE GROUP OF DEFENDANTS

21  28.   Defendant PRUDENTIAL SECURITIES GROUP, INC., (sometimes referred to

22  herein as "PSGI") is a corporation.   Plaintiff is informed and believes and

23  on that ground alleges that at all times herein material PRUDENTIAL

24  SECURITIES GROUP, INC. has been doing business in the Northern District of

25  California.

26  29.   PRUDENTIAL SECURITIES GROUP, INC. and its several corporate affiliates,

27  the defendants PRUDENTIAL-BACHE TRADE CORPORATION, K.K.  P  B  TRADE

28  CORPORATION, PRUDENTIAL CAPITAL AND INVESTMENT SERVICES, INC., and R&D

1  FUNDING CORP. will hereinafter sometimes be referred to collectively as the

2  "PRUDENTIAL-BACHE COMPANIES".

3  30.  Each of said PRUDENTIAL-BACHE COMPANIES, except PRUDENTIAL CAPITAL AND

4  INVESTMENT SERVICES, INC., is an express party to the Reorganization Plan.

5  Plaintiff is informed and believes and on that ground alleges that each of

6  the PRUDENTIAL-BACHE COMPANIES materially aided the illegal acts and

7  transactions which form the subject matter of this complaint.

8  31.  Plaintiff is informed and believes and on that ground alleges that

9  defendants PRUDENTIAL-BACHE TRADE CORPORATION and R&D FUNDING CORP., are

10  wholly-owned subsidiaries of PRUDENTIAL SECURITIES GROUP, INC.

11  32.  Plaintiff is informed and believes and on that ground alleges that

12  defendant K.K. P B TRADE CORPORATION is a wholly owned subsidiary of

13  PRUDENTIAL-BACHE TRADE CORPORATION and is organized and existing pursuant to

14  the laws of Japan.  Plaintiff is informed and believes and on that ground

15  alleges thatPRUDENTIAL-BACHE TRADE CORPORATION utilized its wholly owned

16  Japanese subsidiary K.K. P B TRADE CORPORATION to purchase disk drives in

17  Japan from KYOCERA and import them into the United States for delivery to

18  LAPINE TECHNOLOGY CORPORATION.

19  33.  Plaintiff is informed and believes and on that ground alleges that

20  defendant PRUDENTIAL CAPITAL AND INVESTMENT SERVICES, INC. and PRUDENTIAL-

21  BACHE TRADE CORPORATION together hold the two thirds of the outstanding

22  capital stock of LAPINE HOLDING which the PRUDENTIAL-BACHE COMPANIES acquired

23  under the reorganization plan; and that said corporations now jointly

24  exercise majority control of LAPINE HOLDING and POST-MERGER LAPINE.  In

25  addition, plaintiff is informed and believes and on that ground alleges that

26  PRUDENTIAL BACHE TRADE CORPORATION held an irrevocable proxy to vote 35.9% of

27  LAPINE common stock of certain other persons with respect to the

28  reorganization.  (Proxy Stmt., p. ix)

 

34.  Defendant MATTHEW D. FORREST ("FORREST") is an individual.  Plaintiff is informed and believes and on that ground alleges that said defendant FORREST was an officer and director of PRUDENTIAL-BACHE TRADE CORPORATION at all times herein material and that FORREST participated in the Northern District of California in the acts and transactions, and materially aided the violations of law, which are the subject matter of this complaint, acting as an agent of one or more of the PRUDENTIAL-BACHE COMPANIES.

35. - 38.  [Paragraphs 32 through 38 reserved]

39.  Defendants PRUDENTIAL SECURITIES GROUP, INC., PRUDENTIAL-BACHE TRADE CORPORATION; K.K. P B TRADE CORPORATION; PRUDENTIALCAPITAL AND INVESTMENT SERVICES, INC.; R&D FUNDING CORP.; FORREST; and Doe defendants 1 through 50 will sometimes collectively be referred to herein as the "PRUDENTIAL-BACHE GROUP OF DEFENDANTS".

40.  Plaintiff is informed and believes and on that ground alleges that each of the PRUDENTIAL-BACHE GROUP OF DEFENDANTS by agreement acted in concert with each other in the unlawful acts and transactions which are the subject matter of this complaint.

41.  Each of said PRUDENTIAL-BACHE GROUP OF DEFENDANTS at all times herein material has been in an agency relationship with each other of such defendants and has been acting within the scope of said agency.

IDENTIFICATION OF THE KYOCERA DEFENDANTS

42.  Defendant KYOCERA CORPORATION ("KYOCERA") is a corporation organized pursuant to the laws of Japan.

43.  Plaintiff is informed and believes and on that ground alleges that KYOCERA caused a portion of the stock it acquired in LAPINE HOLDING pursuant to the Definitive Agreement and Plan of Reorganization to be issued to KYOCERA'S wholly-owned subsidiary, the defendant KYOCERA (HONG KONG), LTD. ("KYOCERA HONG KONG");  together, KYOCERA and KYOCERA HONG KONG *now own one*

1    third of the outstanding capital stock of IAPINE HOLDING.

2    44.   Plaintiff is informed and believes and on that ground alleges that

3    defendants KYOCERA CORPORATION, and KYOCERA HONG KONG (sometimes collectively

4    referred to herein as the "KYOCERA COMPANIES") by express agreement acted in

5    concert with each other in the unlawful acts and transactions which are the

6    subject matter of this complaint.

7    45. – 49.   (Paragraphs 45 – 49 reserved).

8    50.   Defendants KYOCERA CORPORATION, KYOCERA (HONG KONG), LTD. and DOES 51

9    through 100, inclusive, will be referred to herein as the "KYOCERA GROUP OF

10   DEFENDANTS".

11   51.   Said KYOCERA GROUP OF DEFENDANTS, in doing the acts herein alleged, have

12   been agents of each other, acting within the course and scope of such agency,

13   at all times material herein.   Plaintiff alleges on information and belief

14   that each of said KYOCERA GROUP OF DEFENDANTS materially aided the illegal

15   acts and transactions which are the subject matter of this complaint.

16   REORGANIZATION OF LA PINE TECHNOLOGY CORPORATION

17   52.   Prior to the Reorganization which is the subject matter of this

18   complaint, IAPINE TECHNOLOGY CORPORATION (sometimes referred to herein as

19   "PRE-MERGER IAPINE CORP.") was a California corporation.

20   53.   Pursuant to the Reorganization Plan, defendants caused two new Delaware

21   corporations to be formed entitled IAPINE HOLDING CORPORATION (sometimes

22   referred to herein as "IAPINE HOLDING") and LTC MERGER CORPORATION.   LTC

23   MERGER CORPORATION was made a wholly-owned subsidiary of IAPINE HOLDING.

24   54.   Plaintiff alleges upon information and belief:

25      (A) that at all times prior to the close of the Reorganization, IAPINE

26   HOLDING and LTC MERGER CORPORATION were shell corporations operated as alter

27   egos of PRUDENTIAL SECURITIES GROUP, INC.;

28      (B) that at all times from and after close of the Reorganization two-

1   thirds of the voting stock of LAPINE HOLDING has been owned by the

2   PRUDENTIAL-BACHE COMPANIES and one-thirds has been owned by the KYOCERA

3   COMPANIES, and each of said defendant groups designated certain members of

4   the board of directors, and

5       (C) that at all times herein material, the PRUDENTIAL-BACHE COMPANIES

6   have controlled management of LAPINE HOLDING.

7   55.  The reorganization was the subject of a permit granted to LAPINE HOLDING

8   as "issuer" by the California Department of Corporations on or about December

9   5, 1986, after a "fairness hearing" held on or about December 1, 1987,

10  pursuant to Cal. Corp. Code Sec. 25142.  The permit qualified the issuance of

11  securities "in the manner set forth in the application" for qualification

12  previously filed, which included the terms of the proxy statement and the

13  appended Reorganization Plan sent to plaintiff and the class.  Plaintiff

14  alleges on information and belief that notice of said fairness hearing was

15  sent to plaintiff and the Class by United States Mail.

16  56.  Proxies for a shareholders' meeting to approve the reorganization and

17  merger were solicited from Plaintiff and the other shareholders of PRE-MERGER

18  LAPINE pursuant to a written proxy statement mailed to shareholders on or

19  about December 5, 1986.  Plaintiff is informed and believes and on that

20  ground alleges that said proxy statement was sent to shareholders by United

21  States mail.

22  57.  Plaintiff is informed and believes and on that ground alleges that on or

23  about December 15, 1986, the shareholders of PRE-MERGER LAPINE approved the

24  reorganization and merger agreement described in the proxy statement.

25  58.      On  or  about  December  29,  1986,  a  closing  occurred  under

26  the Reorganization Plan whereby LTC MERGER CORPORATION was merged into PRE-

27  MERGER LAPINE, with PRE-MERGER LAPINE being the surviving entity (said

28  surviving entity sometimes referred to herein as POST-MERGER LAPINE) as a

1    wholly-owned subsidiary of LAPINE HOLDING.

2    59.    Immediately after the merger pursuant to the Definitive Agreement and

3    Plan of Reorganization, (i) plaintiff and the other shareholders of PRE-

4    MERGER LAPINE ceased to be such shareholders; (ii) LAPINE HOLDING held all of

5    the capital stock of POST-MERGER LAPINE; and (iii) LAPINE HOLDING was owned

6    two-thirds by PRUDENTIAL-BACHE TRADE CORPORATION and one-third by KYOCERA and

7    KYOCERA HONG KONG.

8                    EXCHANGE OF SECURITIES PURSUANT TO MERGER

9    60.    In exchange for their stock in PRE-MERGER LAPINE, plaintiff Evans and

10    the other class members received the following pursuant to the merger

11    agreement:

12            (a)    approximately $2,500,000 in cash,

13    (b)  subordinated ORIGINAL NOTES of LAPINE HOLDING totalling $4,000,000,

14            (c)  guarantees from PRUDENTIAL-BACHE TRADING CORPORATION and PRUDENTIAL

15    SECURITIES GROUP, INC. of said ORIGINAL NOTES of LAPINE HOLDING, and

16            (d)  INITIAL WARRANTS of LAPINE HOLDING.

17    61.    Plaintiff and the other warrant holders are entitled to exercise a

18    series of elections, ultimately entitling them to receive CONVERTIBLE NOTES

19    of LAPINE HOLDING in the aggregate principal amount of $15,000,000, which in

20    turn could be converted in the aggregate for up to 22.5% of the registered

21    common stock of LAPINE HOLDING.  (Proxy Stmt., p. 9-15)

22    62.    Said INITIAL WARRANTS entitle plaintiff and the other members of the

23    class to surrender the ORIGINAL NOTES and the INITIAL WARRANTS in exchange

24    for FINAL WARRANTS no later than March 31, 1988.  The INITIAL WARRANTS by

25    their terms are to expire on March 31, 1988.

26    63.    Plaintiff and the other warrant holders are entitled to exercise the

27    FINAL WARRANTS to obtain certain CONVERTIBLE NOTES in connection with reorganization

28    of LAPINE HOLDING, or public offering of its common stock, or its




1  dissolution, or that of POST-MERGER LAPINE.    The FINAL WARRANTS are to
2  expire on the earlier of December 23, 1991, or dissolution of the LAPINE
3  HOLDING or POST-MERGER LAPINE.

4  64.    Plaintiff and the other members of the class of warrant holders are
5  entitled under certain circumstances to require LAPINE HOLDING to use its
6  best efforts to register the Indenture for the CONVERTIBLE NOTES under the
7  Trust Indenture Act of 1939, as amended.    In addition, if the FINAL WARRANTS
8  were to become exercisable by reason of a public offering of common stock of
9  LAPINE HOLDING, said CONVERTIBLE NOTES and the common stock issuable on
10  conversion thereof are to be registered pursuant to the Securities Act of
11  1933, as amended.

12  65.    The INITIAL WARRANTS were a material part of the consideration in
13  exchange for which plaintiff and the other class members surrendered their
14  stock in PRE-MERGER LAPINE pursuant to the merger.    The stated purpose of the
15  INITIAL WARRANTS was to give plaintiff and the class "the possibility of
16  substantial    equity    participation    if    the    Company    (were    to    be)
17  successful."(Proxy Statement, p. 30.)

18  66.    The prospect of an increase in value of their investment as a result of
19  a public offering, of the common stock of LAPINE HOLDING which the Class
20  could obtain by exercise of the warrants, was a material element of the
21  consideration which Plaintiff and the Class were to receive in the
22  reorganization.

23  67.    WRITTEN REPRESENTATIONS    Both the application to the California
24  Corporations Commissioner and the proxy statement sent to PRE-MERGER LAPINE
25  shareholders represented in writing substantially the following:

26  67(A)    That agreements had been reached between PRUDENTIAL-BACHE TRADE
27  CORPORATION and KYOCERA which resolved all disputes among themselves and PRE-
28  MERGER LAPINE, including "(i) ownership of technology and rights to use

1   technology, (ii) existing and future financing, and (iii) claims of liability

2   for breaches of various agreements." (Proxy Stmt., pp. viii, 6, 7, 29);

3   67(B)  That "The Plan provides for settlement of (disputes between PBIC

4   and the Company', debt restructuring and trade financing" and "The Plan

5   provides for a resolution of (disputes between Kyocera and the Company) and

6   provides for future technology, manufacturing and product purchase

7   agreements." (Proxy Stmt., p. 29)

8   67(C)  That "the Technology Transfer and Manufacturing Agreement dated as

9   of October 26, 1985 between the Company, KKPB and Kyocera will be amended in

10  its entirety at the closing of the Merger by an Amended Technology and

11  Manufacturing Agreement (the "Amended Technology Agreement")" and that "The

12  Trading Agreement also will be amended in its entirety by an Amended

13  TradingAgreement, which will provide (among other things) for (i) the direct

14  purchase by the Company from Kyocera, and direct sale by Kyocera to the

15  Company, of the Company's products and certain parts and (iii) the method of

16  determining the purchase price for such products and parts." (Proxy Stmt.,

17  pp. 25-26.)

18  67(D)  That "The Company and Kyocera shall enter into an Amended

19  Technology Transfer and Manufacturing Agreement in the form of Exhibit K

20  hereto (the "Amended Technology Agreement"), and the Amended Trading

21  Agreement in the form of Exhibit L hereto (the "Amended Trading Agreement")."

22  (Definitive Agreement and Plan of Reorganization, Sec. 3.6, p. 13, appended

23  as Exhibit A to the Proxy Stmt.)

24  67(E)  That "The closing of the Reorganization is subject to the

25  following conditions: ****

26  "(d) performance of each party's respective obligations required to be

27  performed prior to the closing and receipt of certificates to that effect

28  from each party ....." (Proxy Stmt., p. 26)

67(F)   The defendants covenanted to "promptly advise (other parties to the agreement) orally and in writing of any change or event having, or which, insofar as can reasonably be foreseen, would have, a material adverse effect on its ability to carry out its obligations to consummate the transactions contemplated" by the reorganization plan.  (Proxy Stmt, Exhibit A, Definitive Agreement, etc., Sec. 5.2(a), p. 32, Sec. 5.4(a), p. 33.)

68.   MATERIALITY   The representations that contracts concerning continuing and future manufacturing and financing operations between the PRUDENTIAL-BACHE COMPANIES and KYOCERA would exist atclose of the Reorganization were material.   The computer disk drive business was the sole business of LAPINE and the contracts between PRUDENTIAL-BACHE and KYOCERA were the sole method disclosed in the proxy statement by which LAPINE HOLDING and POST-MERGER LAPINE were to do business. (Proxy Stmt. p. 53)     KYOCERA was the only current source of manufacturing of LAPINE'S disk drive technology, and PRUDENTIAL-BACHE was LAPINE'S only source of financing for the purchase, importation, and resale of its disk drives. (Id.)

69.   INDUCEMENT   The defendants made said affirmative representations with the intent to induce plaintiff and the class to rely upon them.

70.   In the alternative, defendants knew or should have known that plaintiff and the class would rely on said representations.

71.   JUSTIFIABLE RELIANCE   Plaintiff justifiably relied on the defendants' affirmative representations.

72.   Plaintiff is informed and believes and on that ground alleges that the other class members also justifiably relied on the affirmative representations of the defendants.

FALSITY AND MISLEADING NATURE OF REPRESENTATIONS

73.   The defendants' representations were false.

74.   The disputes between KYOCERA and the PRUDENTIAL-BACHE COMPANIES were not

1    in fact settled.

2    75.    Agreement between the PRUDENTIAL-BACHE COMPANIES and KYOCERA for

3    continuing and future business operations with respect to the LAPINE

4    companies had not been achieved.

5    76.    The promised written Amended Trade Agreement between KYOCERA and the

6    PRUDENTIAL-BACHE COMPANIES and LAPINE TECHNOLOGYCORPORATION concerning future

7    operations was not in fact signed before the closing, and never has been

8    signed.

9    77.    Plaintiff alleges on information and belief that on or about December

10   29, 1986, in connection with the closing of the merger, KYOCERA and

11   PRUDENTIAL-BACHE TRADING CORPORATION entered into a written INTERIM AGREEMENT

12   in which they mutually acknowledged the continuing disputes between them.

13   They recited the lack of mutual execution of the contracts between them.

14   They agreed to negotiate over their differences, and they agreed that the

15   interim arrangements between them would be terminated if their differences

16   were not resolved by March 31, 1987.

17   78.    Plaintiff alleges on information and belief that on or about December

18   29, 1986, in connection with the closing, PRUDENTIAL-BACHE TRADE CORPORATION

19   executed an ADDENDUM TO FINANCING AGREEMENT, purportedly with LAPINE

20   TECHNOLOGY CORPORATION but without shareholder approval, which provided that

21   the obligation of PRUDENTIAL-BACHE TRADE CORPORATION to finance the business

22   of POST-MERGER LAPINE would terminate if KYOCERA did not execute the Amended

23   Trade Agreement by March 31, 1977, and further provided that in the event of

24   such termination all secured obligations of POST-MERGER LAPINE to PRUDENTIAL-

25   BACHE TRADE CORPORATION would become immediately due and payable.

26   79.    The INTERIM AGREEMENT and ADDENDUM TO FINANCING AGREEMENT were not

27   disclosed to plaintiff prior to the close of the reorganization.  Plaintiff

28   is informed and believes and on that ground alleges that the INTERIM

AGREEMENT and ADDENDUM TO FINANCING AGREEMENT were not disclosed to the other members of the class of shareholders of PRE-MERGER LAPINE prior to the close of the merger by amended proxy statement or otherwise, nor were they considered at any meeting of shareholders of PRE-MERGER LAPINE.

80.  PLAINTIFF AND THE CLASS WERE MISLED   Plaintiff did not know of the falsity of the affirmative representations in the proxy statement at the time he granted his proxy for approval of the reorganization.   Plaintiff is informed and believes and on that ground alleges that the other members of the class of warrant holders also did not know of the falsity of the affirmative representations when they gave their proxies or otherwise granted approval of the reorganization.

81.   In the alternative,   Plaintiff and the class did not know of the material omissions when giving proxies to approve the reorganization and otherwise approving the reorganization.

82.   In the further alternative, the actions of the defendants in closing the merger based upon the executed INTERIM AGREEMENT, rather than the agreements between the PRUDENTIAL-BACHE COMPANIES and KYOCERA which were promised in the proxy statement, was an act fitted to fraudulently deceive plaintiff and the members of the class.

83.   DEFENDANTS' KNOWLEDGE AND SCIENTER   Plaintiff is informed and believes and on that ground alleges that the PRUDENTIAL-BACHE GROUP OF DEFENDANTS and the KYOCERA GROUP OF DEFENDANTS knew on or about December 12, 1986, and prior to the December 15, 1986 meeting of shareholders, that there was a material dispute between them over the terms of the Amended Trading Agreement which had been promised in the proxy statement.

84.   Plaintiff is informed and believes and on that ground alleges that the PRUDENTIAL-BACHE GROUP OF DEFENDANTS and the KYOCERA GROUP OF DEFENDANTS, and each of them, knew prior to the closing which occurred on or about December

29, 1986, the following:

(A) that the written representations set forth in paragraph 67 and its subparts (A) through (F) were, or had become, false, and

(B) that the truth had not been disclosed to plaintiff and the class members in connection with the solicitation of shareholders' proxies for the reorganization.

85.   In the alternative, and whether or not there were affirmative misrepresentations, the facts of

(i) continuing disputes and

(ii) the lack of agreement between KYOCERA and the PRUDENTIAL-BACHE COMPANIES for future purchase, financing, and importation of the disk drives,

were material facts, not disclosed to plaintiff and the class by defendants, the disclosure of which was necessary to make the facts which were disclosed not misleading.   The PRUDENTIAL-BACHE GROUP OF DEFENDANTS and the KYOCERA GROUP OF DEFENDANTS, and each of them, prior to the close of the merger knew the omitted facts and knew those facts had not been disclosed to plaintiff and the other members of the class of shareholders.

86.   In the alternative, plaintiff alleges that the PRUDENTIAL-BACHE GROUP OF DEFENDANTS and the KYOCERA GROUP OF DEFENDANTS, and each of them acted with reckless disregard of the rights of plaintiff and the members of the class by closing the merger knowing there had been no disclosure to plaintiff and the members of the class the following material facts:

(A)   the lack of a commercial agreement between the PRUDENTIAL-BACHE COMPANIES and KYOCERA for continuing operations of POST-MERGER LAPINE,

(B) the existence of a known dispute between the PRUDENTIAL-BACHE COMPANIES and KYOCERA material to future operations of LAPINE HOLDING and POST-MERGER LAPINE,

COMPLAINT                                    19

1    (C)    the terms of the INTERIM AGREEMENT between the PRUDENTIAL-BACHE

2    COMPANIES and KYOCERA executed on or about December 29, 1986, and

3    (D)    the terms of the ADDENDUM TO FINANCING AGREEMENT executed by

4    PRUDENTIAL-BACHE TRADE CORPORATION on or about December 29, 1986.

5    MATERIALITY OF UNDISCLOSED INTERIM AGREEMENT AND ADDENDUM TO FINANCING

6    AGREEMENT

7    87.  The INTERIM AGREEMENT and ADDENDUM TO FINANCING AGREEMENT were material

8    adverse alterations of the terms of the Definitive Agreement and Plan of

9    Reorganization as disclosed to plaintiff and the other PRE-MERGER

10   shareholders in connection with the solicitation of their proxies for

11   approval of the merger.  Disclosure of the terms of the INTERIM AGREEMENT and

12   ADDENDUM TO FINANCING AGREEMENT to plaintiff and the class was necessary to

13   make the disclosures which had been made not misleading.

14   88.  The INTERIM AGREEMENT and ADDENDUM TO FINANCING AGREEMENT were not

15   submitted to the California Corporations Commissioner and were not part of

16   the "manner set forth" in the application for permit for issuance of

17   securities on which the issuance of securities by LAPINE HOLDING was

18   conditioned in the permit issued by the Department of Corporations.

19   89.  The INTERIM AGREEMENT and ADDENDUM TO FINANCING AGREEMENT were material

20   adverse changes from the terms of the reorganization plan presented to the

21   California CorporationsCommissioner in the application for qualification of

22   securities and at the "fairness hearing" upon which the permit from the

23   California Corporations Commissioner was predicated.

24   INJURY: DISPUTES AND LACK OF AGREEMENT PARALYZE POST-MERGER LAPINE

25   90.  The board of directors of PRE-MERGER LAPINE was replaced at or shortly

26   after the close of the Reorganization by appointees of the disputing

27   defendants PRUDENTIAL-BACHE COMPANIES and the KYOCERA COMPANIES so that the

28   entire resulting board has conflicts of interest on one side or the other of

1  the continuing commercial dispute. No neutral board members remain to

2  protect the interests of holders of ORIGINAL NOTES and INITIAL WARRANTS.

3  91. PRUDENTIAL-BACHE and KYOCERA failed to resolve their differences by the

4  'drop dead' date in the INTERIM AGREEMENT, March 31, 1987.

5  92. On or about May 7, 1987, the PRUDENTIAL-BACHE COMPANIES utilized their

6  majority control of POST-MERGER LAPINE to cause it to sue KYOCERA in the

7  action entitled LAPINE TECHNOLOGY CORPORATION VS KYOCERA CORPORATION, United

8  States District Court for the Northern District of California, Case No. C 87

9  20316 WAI. The counsel of record for LAPINE TECHNOLOGY CORPORATION in that

10  action are the same law firm who represented the PRUDENTIAL-BACHE COMPANIES

11  in the Reorganization.

12  93. Plaintiff is informed and believes and on that ground alleges as

13  follows: Due to the disputes, LAPINE HOLDING and POST-MERGER LAPINE have

14  been completely paralyzed. Their flow of disk drives for sale has been

15  severely disrupted. Their customer base has been badly damaged if not wholly

16  destroyed. Their business reputations have been severely damaged. Their

17  entire work force, including executive management and the expert engineers

18  and technicians who developed their technology, have been discharged. They

19  are conducting little if any business. The proprietary technology of LAPINE

20  TECHNOLOGY CORPORATION (described at Proxy Stmt., pp. 45-47) is wasting

21  because the dispute among the defendants has paralyzed marketing efforts and

22  has prevented adequate commercial exploitation of the technology by POST-

23  MERGER LAPINE.

24  PROXIMATE CAUSATION OF INJURY

25  94. Plaintiff is informed and believes and on that ground alleges that

26  LAPINE HOLDING and POST-MERGER LAPINE are moribund as a direct and proximate

27  result of the lack of the promised contracts for continuing operations

28  between LAPINE'S manufacturer, KYOCERA, and its financier, PRUDENTIAL-BACHE,

1   and as a result of the continuing disputes and litigation between KYOCERA and

2   PRUDENTIAL-BACHE.

3   95.  As a direct, proximate result of the false representations, the lack of

4   signed agreements, and the continuing existence of disputes between KYOCERA

5   and PRUDENTIAL-BACHE, the INITIAL WARRANTS of LAPINE HOLDING issued to

6   plaintiff and the other class members pursuant to the Reorganization have

7   been rendered worthless, or nearly so.

8   96.  DAMAGES  Plaintiff alleges on information and belief as follows:

9       (A) the value of LAPINE HOLDING to its shareholders, after the merger and

10      during the short period of time when it was operating before the disputes

11      between the PRUDENTIAL-BACHECOMPANIES and KYOCERA paralyzed it, was at

12      least $66,700,000 without a registration and public offering of LAPINE

13      HOLDING common stock; and

14      (B)  the 22.5% share thereof to which Plaintiff and the other warrant

15      holders would have been entitled therefore would have been approximately

16      $15,000,000; or, in the alternative, Plaintiff and the other class

17      members could have taken the CONVERTIBLE BONDS in the aggregate principal

18      amount of $15,000,000.

19   97.  Therefore, plaintiff alleges on information and belief, the incremental

20   value of the warrants over the $4,000,000 in principal amount of notes (which

21   are guaranteed by PRUDENTIAL-BACHE TRADE CORPORATION and PRUDENTIAL

22   SECURITIES GROUP, INC.) was at least $11,000,000 for LAPINE HOLDING as a

23   going business, even without registration and public offering of the common

24   stock of LAPINE HOLDING.

25   98.  Plaintiff further alleges on information and belief:

26      (A) there was a substantial likelihood that LAPINE HOLDING would have

27      achieved sufficient success to register its common stock and make a

28      public offering of such stock; and

1    (B)   a reasonable valuation of the warrants issued to Plaintiff and the

2    other members of the class would have been at least $22,500,000, in that

3    event, including the value of the ORIGINAL NOTES.

4    99.   Plaintiff alleges on information and belief that as a direct and

5    proximate result of

6    (A)   the false and misleading representations and material omissions,

7    (B)   of the closing of the Reorganization without the promised executed

8    commercial contracts between KYOCERA and the PRUDENTIAL-BACHE COMPANIES,

9    and

10   (C)   of the continuing unresolved commercial disputes between KYOCERA and

11   the PRUDENTIAL-BACHE COMPANIES,

12   Plaintiff and the other class members have lost the incremental value of at

13   least $11,000,000 which the warrants had prior to a public offering, and also

14   have lost any opportunity to participate in a public offering of the common

15   stock of LAPINE HOLDING, to their further damage of at least $7,500,000.

16   101. - 105 [Reserved]

17   FIRST COUNT: VIOLATION OF FEDERAL SECURITIES LAWS, FRAUD,

18   RULE 10b-5; SEEKING DAMAGES FROM ALL DEFENDANTS

19   106.  Plaintiff refers to and incorporates herein by this reference the

20   following:

21   (A)   paragraphs 1 through 3 concerning jurisdiction and venue

22   (B)   paragraphs 4 through 26 concerning the identity of Plaintiff and the

23   class allegations

24   (C)   paragraphs 27 through 51 identifying defendants and alleging their

25   material aiding of the illegal transactions.

26   (D)   paragraphs 52 through 66 alleging the exchange of securities with

27   Plaintiff and the class in the reorganization

28   (E)   paragraph 67 alleging written representations.

23

COMPLAINT

1    (F)  paragraphs alleging materiality of representations and omissions

2    (68, 87-89), inducement (69, 70), justifiable reliance (71, 72), falsity and

3    misleading nature of representations and omissions (73-79), misleading of

4    plaintiff and the class (80-82), defendants' knowledge and scienter (83-86),

5    injury (90-93),proximate causation (94, 95), and damages (96-99).

6    107.  Defendants, and each of them, made false representations and material

7    omissions in connection with the purchase and sale of securities to plaintiff

8    and the class, in violation of Rule 10b-5 of the Securities Exchange

9    Commission, 17 C.F.R. 240.10b-5, and Section 10 of the Securities Exchange

10   Act of 1934, as amended, 15 U.S.C. Sec. 78j.

11   108.  Plaintiff and the class are entitled to recover damages from

12   defendants, and each of them, jointly and severally, in the amount showed by

13   proof at the trial, but not less than the $4,000,000 amount of the Original

14   Notes, plus $11,000,000 for the loss of the incremental value of the warrants

15   over the guaranteed notes, plus an additional $7,500,000 for loss of the

16   opportunity to participate in a public offering of LAPINE HOLDING.

17   109.  In the alternative, plaintiff and the class are entitled to rescind the

18   merger and recover from defendants, and from each of them jointly and

19   severally, the value of the stock in PRE-MERGER LAPINE, and for the

20   destruction of the value of that stock due to defendants' post-merger

21   destruction of the business of PRE-MERGER LAPINE, in an amount not less than

22   $15,000,000.

23   SECOND COUNT:  FRAUD, VIOLATION OF SECURITIES ACT OF 1933

24   SEEKING DAMAGES FROM DEFENDANT PARTIES TO REORGANIZATION PLAN

25   110.  Plaintiff refers to and incorporates herein by this reference the

26   following:

27   (A)  paragraphs 1 through 3 concerning jurisdiction and venue

28   (B)  paragraphs 4 through 26 concerning the identity of plaintiff and the



1   class allegations

2      (C)  paragraphs 27 through 51 identifying defendants and alleging their

3   material aiding of the illegal transactions

4      (D)  paragraphs 52 through 66 alleging the exchange of securities with

5   plaintiff and the class in the reorganization

6      (E)  paragraph 67 alleging written representations

7      (F)  paragraphs alleging materiality of representations and omissions

8   (68, 87-89), inducement (69, 70), justifiable reliance (71, 72), falsity and

9   misleading nature of representations and omissions (73-79), misleading of

10   plaintiff and the class (80-82), defendants' knowledge and scienter (83-86),

11   injury (90-93), proximate causation (94, 95), and damages (96-99).

12   Special reference is made to paragraphs 30, and 43 identifying defendants who

13   were express parties to the Definitive Agreement and Plan of Reorganization,

14   and to paragraphs 29, 33, 34 and 43 identifying the "controlling persons"

15   within the meaning of the Securities Act of 1933, who are sued in this count.

16   111.  Said defendants who were parties to the reorganization plan, offered

17   and sold securities to plaintiff and the class, by use of the means and

18   instruments of transportation and communication in interstate commerce and of

19   the mails, by means of a prospectus which included an untrue statement of a

20   material fact and omitted to state a material fact necessary in order to make

21   the statements, in the light of the circumstances under which they were made

22   not misleading, all within the meaning of Section 12 of the Securities Act of

23   1933, 15 U.S.C. Sec. 77l.

24   112.  Plaintiff and the Class are entitled to recover damages as alleged in

25   paragraph 99, or to rescission as alleged in paragraph 100, hereinabove.

26   THIRD COUNT: VIOLATION OF CALIFORNIA CORPORATE SECURITIES LAWS;   SEEKING

27   DAMAGES FROM ALL DEFENDANTS

28   113.  Plaintiff refers to and incorporates herein by this reference the

following:

(A)   paragraphs 1 through 3 concerning jurisdiction and venue

(B)   paragraphs 4 through 26 concerning the identity of plaintiff and the class allegations

(C)   paragraphs 27 through 51 identifying defendants and alleging their material aiding of the illegal transactions

(D)   paragraphs 52 through 66 alleging the exchange of securities with plaintiff and the class in the reorganization

(E)   paragraph 67 alleging written representations

(F)   paragraphs alleging materiality of representations and omissions (68, 87-89), inducement (69, 70), justifiable reliance (71, 72), falsity and misleading nature of representations and omissions (73-79), misleading of plaintiff and the class (80-82), defendants' knowledge and scienter (83-86), injury (90-93), proximate causation (94, 95), and damages (96-99).

114.   The PRUDENTIAL-BACHE GROUP OF DEFENDANTS and the KYOCERA GROUP OF DEFENDANTS, and each of them, made false representations and material omissions in connection with the purchase and sale of securities to plaintiff and the class, in violation of California Corporations Code Section 25401. In the alternative, each of said defendants materially aided in the transactions which constituted the violations and therefore is jointly and severally liable pursuant to Corporations Code Section 25504.1.

115.   Plaintiff and the class are entitled to recover damages from said defendants, and each of them, jointly and severally, in the amount showed by proof at the trial, pursuant to CaliforniaCorporations Code Sec. 25501.

FOURTH COUNT: VIOLATION OF CALIF. SECURITIES PERMIT;  SEEKING DAMAGES FROM ALL "ISSUER" DEFENDANTS AND MATERIAL AIDERS OF VIOLATIONS

116.   Plaintiff refers to and incorporates herein by this reference the following:

1    (A) paragraphs 1 through 3 concerning jurisdiction and venue

2       (B)   paragraphs 4 through 26 concerning the identity of plaintiff and the

3    class allegations

4       (C)   paragraphs 27 through 51 identifying defendants and alleging their

5    material aiding of the illegal transactions

6       (D)   paragraphs 52 through 66 alleging the exchange of securities with

7    plaintiff and the class in the reorganization

8       (E)   paragraphs alleging injury (90-93), proximate causation (94, 95),

9    and damages (96-99).

10   Plaintiff specially refers to paragraph 55 concerning the permit issued by

11   the California Commissioner of Corporations concerning the Reorganization.

12   117.  [Reserved]

13   118.  The permit provided in material part as follows:

14   "Issuer:  LAPINE HOLDING COMPANY is hereby qualified to offer, sell and issue

15   the securities described in its application filed on November 14, 1986, and

16   any amendments and supplements thereto to the date hereof, to the persons

17   described in said application, for the considerations, uses and purposes, and

18   in the manner set forth in said application."   Plaintiff alleges that the

19   foregoing quoted statement in the permit lists "conditions" of

20   qualification within the meaning of the phrase "or any other condition" in

21   California Corporations Code Sec. 25141, interpreted in light of the phrase

22   "terms and conditions" used in Cal. Corp. Code Sec. 25142.  Plaintiff further

23   alleges on information and belief that although the permit lists LAPINE

24   HOLDING as "issuer", in fact LAPINE HOLDING at all times prior to the closing

25   was an alter ego of PRUDENTIAL SECURITIES GROUP, INC.   Plaintiff further

26   alleges that with respect to the guarantees of the ORIGINAL NOTES, both

27   PRUDENTIAL SECURITIES GROUP, INC. and PRUDENTIAL-BACHE TRADE CORPORATION were

28   "issuers".

119.   The merger transaction which was closed by defendants violated the permit issued by the Commissioner of Corporations of the State of California because the transaction varied materially and adversely from the "manner set for in said application" to the Commissioner upon which the permit was issued.   The material adverse variances consisted of:

(A)   the failure to execute at or before the close of the Reorganization the promised binding agreements concerning continuing and future operations between KYOCERA and PRUDENTIAL-BACHE TRADE CORPORATION, and

(B)   the intentional continuation until after the close of the Reorganization of unresolved disputes between those two companies who were the principal manufacturer and principal financier, respectively, of the business of LAPINE HOLDING and POST-MERGER LAPINE,

(C) the terms of the INTERIM AGREEMENT, and

(D) the terms of the ADDENDUM TO FINANCING AGREEMENT.

Due to these material adverse variances the reorganization which actually closed was not the same transaction which was authorized by the permit. Therefore, the transaction which actually closed was not qualified by permit within the meaning of California law and was unlawful in violation of California Corporations Code Secs 25110 and/or 25120; or in the alternative, the transaction which closed violated the terms of the permit.

120.   Each of the PRUDENTIAL-BACHE GROUP OF DEFENDANTS and the KYOCERA GROUP OF DEFENDANTS, is a person described in California Corporations Code Sec. 25504 who is jointly and severally liable for the "issuer" violations of California Corporate Securities laws alleged herein.

121.   Therefore, plaintiff and the members of the class are entitled to the remedies provided by California Corporations Code Section 25503.

FIFTH COUNT:   DECEIT AND COMMON FRAUD;   SEEKING ACTUAL AND EXEMPLARY DAMAGES FROM ALL DEFENDANTS

122.    Plaintiff refers to and incorporates herein by this reference the following:

    (A)  paragraphs 1 through 3 concerning jurisdiction and venue

    (B)  paragraphs 4 through 26 concerning the identity of plaintiff and the class allegations

    (C)  paragraphs 27 through 51 identifying defendants and alleging their material aiding of the illegal transactions

    (D)  paragraphs 52 through 66 alleging the exchange of securities with plaintiff and the class in the reorganization

    (E)  paragraph 67 alleging written representations

    (F)  paragraphs alleging materiality of representations and omissions (68, 87-89), inducement (69, 70), justifiable reliance (71, 72), falsity and misleading nature of representations and omissions (73-79), misleading of plaintiff and the class (80-82), defendants' knowledge and scienter (83-86), injury (90-93), proximate causation (94, 95), and damages (96-99).

123.    Defendants, and each of them, engaged in deceit within the meaning of California Civil Code Sec. 1710.

124.    Plaintiff and the other members of the class therefore are entitled to recover damages from defendants, jointly and severally, pursuant to California Civil Code Secs. 1709, 1711, 1712 and 1713.

125.    In the alternative, defendants and each of them engaged in actual fraud within the meaning of California Civil Code Section 1572, or constructive fraud within the meaning of Civil Code Section 1573.

126.    Plaintiff and the other members of the class therefore are entitled to recover damages from defendants, and each of them jointly and severally, pursuant to California Civil Code Sec. 3333, in the amount which will compensate plaintiff and the class for all detriment proximately caused by such deceit, actual fraud, or constructive fraud, whether such damages could

1    have been anticipated or not.

2    127.    EXEMPLARY DAMAGES    Defendants engaged in actual fraud by making the
3    false representations and material omissions and by closing the merger
4    without execution of the promised agreements between KYOCERA and the
5    PRUDENTIAL-BACHE COMPANIES as alleged hereinabove, within the meaning of
6    California Civil Code Sec.3294(c)(3).  Plaintiff is informed and believes and
7    on that ground alleges that defendants were guilty of malice by such conduct,
8    which was done with a conscious disregard of the rights of plaintiff and the
9    other members of the class of warrant holders, within the meaning of
10   California Civil Code Sec. 3294(c)(1).

11   128.    Plaintiff and the class are entitled to recover exemplary damages from
12   defendants, and each of them, in addition to the actual damages, for the sake
13   of example and by way of punishing defendants, pursuant to California Civil
14   Code Sec. 3294.

15   129.    Plaintiff is informed and believes and on that ground alleges that the
16   financial resources of the KYOCERA COMPANIES and of the PRUDENTIAL-BACHE
17   COMPANIES, are so great, and the prospects of corporate financial advantage
18   which motivated their fraud and malice were so great, that it would take
19   exemplary damages of at least $50 million dollars each to adequately punish
20   and make an example of them within the meaning of Civil Code Section 3294.

21   130.    Plaintiff lacks adequate information as to the financial resources of
22   the other named defendants to allege an appropriate amount of exemplary
23   damages as to each, but is entitled to recover such exemplary damages
24   according to proof at trial.

25   SIXTH COUNT:  BREACH OF REORGANIZATION PLAN; SEEKING DAMAGES FROM PRUDENTIAL-
26   BACHE COMPANIES AND KYOCERA COMPANIES WHO WERE PARTIES TO THE REORGANIZATION
27   PLAN

28   131.    Plaintiff refers to and incorporates herein by this reference as

follows:

(A)  paragraphs 1 through 3 concerning jurisdiction and venue

(B)  paragraphs 4 through 26 concerning the identity of plaintiff and the class allegations

(C)  paragraphs 30 and 42 identifying defendants who were parties to the agreement

(D)  paragraphs 52 through 66 alleging the exchange of securities with plaintiff and the class in the reorganization

(E)  paragraph 67 alleging written representations

(F)  paragraphs alleging failure to comply with the promised terms of the plan of reorganization at the close thereof (73-76), injury (90-93), proximate causation (94, 95), and damages (96-99).

[The entirety of the written proxy statement and Reorganization Plan are not reproduced herein in haec verba or as exhibits due to their bulk, which exceeds 100 pages.]

132.  Plaintiff is informed and believes and on that ground alleges that the PRUDENTIAL-BACHE COMPANIES through their attorneys participated in and exercised controlling influence over the writing of the proxy statement which was sent to plaintiff and the other members of the class.  In said writings, PRUDENTIAL-BACHE TRADE CORPORATION and PRUDENTIAL SECURITIES GROUP, INC. expressly undertook to give personal guarantees for the benefit of plaintiff and the other members of the class of the ORIGINAL NOTES of LAPINE HOLDING as inducement to enter into the reorganization plan as a whole.

133.  Plaintiff is informed and believes that KYOCERA through its authorized agents participated in the proceedings before the California Corporations Commissioner and KYOCERA had actual knowledge of the terms of the proxy statement before close of themerger.  Plaintiff is informed and believes and on that ground alleges that KYOCERA approved the substantial terms of the

1  offers made in the proxy statement to plaintiff and the other members of the

2  class, notwithstanding that there were continuing disputes between KYOCERA

3  and the PRUDENTIAL-BACHE COMPANIES which were not disclosed to plaintiff and

4  the class.

5  OFFER AND ACCEPTANCE OF CONTRACT

6  134.   The terms of the proxy statement, including the offer of INITIAL

7  WARRANTS and the personal guarantees from the PRUDENTIAL-BACHE COMPANIES for

8  the benefit of plaintiff and the class members, constituted an offer of

9  contracts from defendants PRUDENTIAL-BACHE COMPANIES, KYOCERA, LAPINE HOLDING

10  and POST-MERGER LAPINE to plaintiff and the members of the class of warrant

11  holders.

12  135.   Plaintiff and the other members of the class accepted the offers of

13  contract, by granting proxies and approving the merger, by not seeking to

14  enforce dissenters rights, and by exchanging their stock in PRE-MERGER LAPINE

15  for the NOTES, guarantees thereof, and WARRANTS in LAPINE HOLDING.   The

16  PRUDENTIAL-BACHE COMPANIES and KYOCERA accepted and ratified the contracts

17  with plaintiff and the other members of the class by causing the merger to

18  close, and the exchange of stock for notes, guarantees and warrants to be

19  effected.   This ratification occurred notwithstanding that there were

20  continuing disputes between the PRUDENTIAL-BACHE COMPANIES and KYOCERA which

21  were not disclosed to the class.

22  ALTERNATIVE: THIRD PARTY BENEFICIARY CONTRACT

23  136.   Plaintiff alleges in the alternative that plaintiff and the class

24  warrant holders were intended to be third party beneficiaries of the

25  contractual obligations of the parties to the Definitive Agreement and Plan

26  of Reorganization and the Merger Agreement, all within the meaning of Civil

27  Code Sec. 1559.

28  137.   Defendants the PRUDENTIAL-BACHE COMPANIES and KYOCERA, and each of

1   them, was in breach of the contracts with Plaintiff and the other members of

2   the class at the time of closing of the merger and has been continuously in

3   breach since that time because of the willful maintenance of continuing

4   disputes between said defendants and the failure to deliver the promised

5   Amended Trade Agreement.

6       138.   Said breach of contract foreseeably has paralyzed the operations of

7   IAPINE HOLDING and POST-MERGER IAPINE and thereby rendered worthless the

8   warrants which said defendants contracted to give to plaintiff and the class.

9   It also foreseeably has wholly defeated the purpose of the time periods for

10  exercise of said warrants because the Company has ceased to operate in the

11  normal course of business.   Plaintiff and the other class members thus are

12  being deprived of the opportunity to see the actual operation of IAPINE

13  HOLDING and POST-MERGER IAPINE prior to the date for exercise or expiration

14  of the INITIAL WARRANTS as a result of the breaches of contract by

15  defendants.

16      139.   Plaintiff performed all obligations on his part to be performed under

17  the contract, and is informed and believes and on that ground alleges that

18  the other class members did also; excepting only those covenants, conditions

19  and obligations which the defendants have waived or excused.

20      140.   Plaintiff and the members of the class therefore are entitled to

21  recover damages pursuant to California Civil Code section 3300, jointly and

22  severally, from defendants the PRUDENTIAL-BACHE COMPANIES, and KYOCERA.

23  SEVENTH COUNT:   BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING;

24  SEEKING DAMAGES FROM PRUDENTIAL-BACHE COS., AND KYOCERA COS.

25      141.   Plaintiff refers to and incorporates herein by this reference the

26  following paragraphs:

27      (A)   paragraphs 1 through 3 concerning jurisdiction and venue

28      (B)   paragraphs 4 through 26 concerning the identity of plaintiff and the

1    class allegations

2    (C)    paragraphs 30 and 42 identifying defendants who were parties to the

3    agreement;

4    (D)    paragraphs 52 through 66 alleging the exchange of securities with

5    plaintiff and the class in the reorganization;

6    (E)    paragraph 67 alleging written representations

7    (F)    paragraphs alleging failure to comply with the promised terms of the

8    plan of reorganization at the close thereof (73-76), injury (90-93),

9    proximate causation (94, 95), and damages (96-99).

10    (G)    paragraphs 132 through 140 from hereinabove concerning formation and

11    breach of contract.

12    142.    There is an implied covenant in the contract between plaintiff and the

13    class, on the one hand, and the PRUDENTIAL-BACHE COMPANIES and the KYOCERA

14    COMPANIES, on the other hand, that each would deal fairly, honestly and in

15    good faith, and that none would do anything to impair, interfere with, hinder

16    or injure the rights of plaintiff and the members of the class toreceive the

17    benefits of the contract.

18    143.    Each of the PRUDENTIAL-BACHE COMPANIES and the KYOCERA COMPANIES

19    willfully breached the covenant of good faith and fair dealing by making the

20    false representations, by failing to execute the promised contracts, by

21    closing the merger notwithstanding the lack of executed contracts, and by

22    continuing to maintain their disputes and litigation after the close of the

23    merger as alleged herein above.

24    144.    All of the PRUDENTIAL-BACHE COMPANIES and the KYOCERA COMPANIES occupy

25    special positions of trust and confidence with respect to plaintiff and the

26    class by reason of (a)    their ownership of controlling shares of LAPINE

27    HOLDING and their appointment of all of the members of the board of directors

28    and all executive officers of LAPINE HOLDING, and (b)    their positions as the

34



sole financiers and sole manufacturers of LAPINE HOLDING, respectively.

145.    The actions of said defendants were taken in bad faith, without reasonable cause, and in reckless disregard of the rights and reasonable expectations of Plaintiff and the members of the class under the contract, who were wholly unable to protect themselves from the excesses of defendants. Said defendants have continued their disputes and litigation with actual knowledge that they were destroying the benefits which plaintiff and the class reasonably expected from the warrants under the contract.    Said defendants as a means of gaining bargaining leverage against each other in their continuing disputes and litigation have taken and threatened to take positions which deliberately jeopardized the business viability of LAPINE HOLDING and POST-MERGER LAPINE. Said defendants knew that their positions adopted to achieve leverage against each other would destroy any value to the warrants and completely deprive plaintiff and the warrant holders of their reasonable expectations under the contract.

146.    Said defendants PRUDENTIAL-BACHE COMPANIES and KYOCERA have been guilty of taking grossly oppressive and unfair advantage of the necessities and distress of plaintiff and the other class members whose investment capital and investment expectations were wholly and completely within the control of said defendants, all within the meaning of California Civil Code Section 1575.  Said defendants are guilty of oppression of plaintiff and the class of warrant holders within the meaning of Civil Code Section 3294(c)(2).

147.    Plaintiff refers to and incorporates herein by this reference paragraphs 117 through 120 from hereinabove concerning the entitlement of plaintiff and the class to exemplary damages and concerning the amount thereof.

EIGHTH COUNT:   SEEKING DECLARATION CONCERNING EXERCISE OF WARRANTS AS AGAINST PRUDENTIAL-BACHE COS., KYOCERA COS., LAPINE HOLDING, AND POST-MERGER LAPINE

COMPLAINT                                                                 36

1    148.    Plaintiff refers to and incorporates herein by this reference the

2  following paragraphs:

3         (A)    paragraphs 1 through 3 concerning jurisdiction and venue

4         (B)    paragraphs 4 through 20 concerning the identity of plaintiff and the

5  class allegations

6         (C)    paragraphs 21 through 50 identifying defendants and alleging their

7  material aiding of the illegal transactions

8         (D)    paragraphs 21 through 64 alleging the exchange of securities with

9  plaintiff and the class in the reorganization

10        (E)    paragraph 65 alleging written representations

11        (F)    paragraphs alleging materiality of representations and omissions

12  (66, 83-85), inducement (67, 68), justifiable reliance (69, 70), falsity and

13  misleading nature of representations and omissions (71-76), misleading of

14  plaintiff and the class (77-79), defendants' knowledge and scienter (80-82),

15  injury (86-90), proximate causation (91, 92), and damages (93-96).

16        149.    The actions of defendants PRUDENTIAL-BACHE TRADING CORPORATION,

17  PRUDENTIAL SECURITIES GROUP, INC., and KYOCERA, who hold as a group 100% of

18  the outstanding voting stock of IAPINE HOLDING, have materially deprived

19  plaintiff and the class of the opportunity to evaluate actual post-merger

20  operation in the ordinary course of the business of IAPINE HOLDING and POST-

21  MERGER IAPINE prior to the March 31, 1988 date for exercise or expiration of

22  the INITIAL WARRANTS.

23        150.    The continuing wrongful dispute between said defendants has wholly

24  paralyzed the business and affairs of IAPINE HOLDING and POST-MERGER IAPINE

25  whereby they have ceased for several months to conduct business in the

26  ordinary course.  The dispute therefore has proximately caused a loss of the

27  opportunity for plaintiff and the class to see the operation in the ordinary

28  course of the business of IAPINE HOLDING and POST-MERGER IAPINE before the

1    exercise of their warrants and deprived plaintiff and the class of a material

2    element of the investment opportunity provided by the warrants.

3    151.    The notes and warrants "may be amended to cure anyambiguity, defect or

4    inconsistency or to make any change that does not adversely affect the rights

5    of any holder thereof."  (Proxy Stmt., p. 10)

6    152.    Plaintiff and the class are entitled to a declaration pursuant to

7    California Code of Civil Procedure Section 1060, adverse to the defendants

8    LAPINE HOLDING, POST-MERGER LAPINE, PRUDENTIAL-BACHE COMPANIES, and KYOCERA

9    as follows:

10       (A)   the March 31, 1988 exercise and expiration date on the INITIAL

11       WARRANTS cannot be enforced as against plaintiff and the class because

12       the defendants have continuously been in breach of the contracts from the

13       close of the merger;

14       (B)   enforcement by the defendants of the March 31, 1988 deadline would

15       work fraud and inequity and would allow the defendants to take advantage

16       of their own wrongs contrary to California Civil Code Sections 3514, 3517

17       and 3520;

18       (C)   none of the period of time while the defendants have been in breach

19       of the contracts can be counted by the defendants toward expiration of

20       the life of the INITIAL WARRANTS;

21       (D)   plaintiff and the class are entitled, pursuant to California Civil

22       Code Section 3529 and general equitable principles, to an extension of

23       the deadline for exercise and expiration of the INITIAL WARRANTS, of the

24       FINAL WARRANTS, and of the CONVERTIBLE NOTES to compensate for the period

25       during which the defendants have wrongfully disrupted the ordinary course

26       of the business of LAPINE HOLDING and POST-MERGER LAPINE;

27       (E)   defendants are not entitled to compel a contractual election by

28       plaintiff and the members of the class between the original notes and the

COMPLAINT                          37

1  initial warrants because the defendants have wrongfully materially

2  damaged the value of the warrants by their misconduct;

3  (F)  plaintiff and the members of the class are entitled to recover the

4  amount of the notes from defendants plus damages in addition to the

5  amount of the notes for defendants' wrongful diminution of the value of

6  the warrants; and

7  (G)  these declarations can be made binding upon LAPINE HOLDING and POST-

8  MERGER LAPINE, as necessary parties to the action, in order to prevent

9  use of those entities by the defendants who control them to perpetrate

10  fraud and injustice upon plaintiff and the class.

11  NINTH COUNT:  SHAREHOLDERS' DERIVATIVE ACTION; SECURITIES FRAUD, FEDERAL LAW;

12  SEEKING DAMAGES AGAINST PRUDENTIAL-BACHE COMPANIES AND KYOCERA COMPANIES

13  153.  Plaintiff refers to an incorporates herein by this reference the

14  following paragraphs:

15  (A)  paragraphs 1 through 3 concerning jurisdiction and venue

16  (B)  paragraphs 4 through 26 concerning the identity of plaintiff and the

17  class allegations

18  (C)  paragraphs 27 through 51 identifying defendants and alleging their

19  material aiding of the illegal transactions

20  (D)  paragraphs 52 through 66 alleging the exchange of securities with

21  plaintiff and the class in the reorganization

22  (E)  paragraph 67 alleging written representations

23  (F)  paragraphs alleging materiality of representations and omissions

24  (68, 87-89), inducement (69, 70), justifiable reliance(71, 72), falsity and

25  misleading nature of representations and omissions (73-79), misleading of

26  plaintiff and the class (80-82), defendants' knowledge and scienter (83-86),

27  injury (90-93), proximate causation (94, 95), and damages (96-99)..

28  SHAREHOLDER DERIVATIVE ACTION ALLEGATIONS

154.  Plaintiff was a shareholder of record of PRE-MERGER LAPINE, and now is a holder of record of ORIGINAL NOTES and INITIAL WARRANTS of LAPINE HOLDING, and therefore has been a shareholder of record at all times material to this complaint within the meaning of California Corporations Code Section 800(a)(1) and FRCP Rule 23.1.  This action is not a collusive one to confer jurisdiction on a Court of the United States which it would not otherwise have (cf. FRCP Rule 23.1).

155.  Prior to the filing of this complaint plaintiff delivered a substantially equivalent earlier draft hereof (excepting for the addition of the Second Count re the Securities Act of 1933 and the Eleventh Count re Violation of California securities laws) to LAPINE HOLDING and its subsidiary LAPINE TECHNOLOGY CORPORATION, by delivering a copy hereof to legal counsel to LAPINE HOLDING and the majority board members, and by delivering a copy to legal counsel to KYOCERA and the minority board members, on or about October 6, 1987.

156.  It would be futile to pursue efforts to obtain relief from the board of either of the new corporations created in the merger, LAPINE HOLDING and POST-MERGER LAPINE, within the meaning of California Corporations Code Sec. 800(a)(2).  This is because the board of LAPINE HOLDING is majority controlled by the defendant PRUDENTIAL-BACHE COMPANIES, and the only other boardmembers are appointed by the defendant KYOCERA.  POST-MERGER LAPINE is operated as a wholly-owned subsidiary of LAPINE HOLDING.  The board of PRE-MERGER LAPINE ceased to operate upon the closing of the reorganization.

CORPORATE FEDERAL SECURITIES FRAUD CLAIM

157.  The PRUDENTIAL-BACHE GROUP OF DEFENDANTS and KYOCERA, as identified in paragraph 50 hereinabove, have manipulated their control of PRE-MERGER LAPINE, LAPINE HOLDING, and POST-MERGER LAPINE in violation of their fiduciary duties to those corporations and to their shareholders, by causing

said corporations to engage in fraudulent securities transactions in the reorganization, all in violation of the Securities Exchange Act of 1934, as amended, 15 U.S.C. Sec. 78j, and of Rule 10b-5 of the Securities and Exchange Commission.

158. The defendants' fraud has proximately caused the complete paralysis and destruction of the business of LAPINE HOLDING, PRE-MERGER LAPINE, and POST-MERGER LAPINE, which plaintiff is informed and believes and on that ground alleges was at least $66.7 million at the time of the reorganization.

159. Plaintiff, on behalf of the class of minority shareholders of LAPINE HOLDING and former shareholders of PRE-MERGER LAPINE, (and excepting the PRUDENTIAL-BACHE COMPANIES and the KYOCERA COMPANIES as shareholders), is entitled:

    (A) to recover damages on behalf of LAPINE HOLDING AND POST-MERGER LAPINE for the destruction of the value of LAPINE HOLDING and POST-MERGER LAPINE which has been caused by the fraudulent closing of the reorganization by said defendants, and

    (B) to have a constructive trust imposed upon the stock of LAPINE HOLDING and POST-MERGER LAPINE, and upon the proprietary technology, for the benefit of the plaintiff class.

160. Plaintiff is informed and believes and therefore alleges that the damages to LAPINE HOLDING and PRE-MERGER LAPINE, exclusive of amounts attributable to the share ownership of the defendant PRUDENTIAL-BACHE COMPANIES and KYOCERA, is at least $22.5 million.

TENTH COUNT: SHAREHOLDERS' DERIVATIVE ACTION; BREACH OF

FIDUCIARY DUTY UNDER CALIFORNIA LAW; DAMAGES AND CONSTRUCTIVE

TRUST AGAINST PRUDENTIAL COMPANIES AND KYOCERA COMPANIES.

161. Plaintiff refers to an incorporates herein by this reference the following paragraphs:

(A)   paragraphs 1 through 3 concerning jurisdiction and venue

(B)   paragraphs 4 through 26 concerning the identity of plaintiff and the class allegations

(C)   paragraphs 27 through 51 identifying defendants and alleging their material aiding of the illegal transactions

(D)   paragraphs 52 through 66 alleging the exchange of securities with plaintiff and the class in the reorganization

(E)   paragraph 67 alleging written representations

(F)   paragraphs alleging materiality of representations and omissions (68, 87-89), inducement (69, 70), justifiable reliance (71, 72), falsity and misleading nature of representations and omissions (73-79), misleading of plaintiff and the class (80-82), defendants' knowledge and scienter (83-86), injury (90-93),proximate causation (94, 95), and damages (96-99).

(G)   derivative allegations (154-156).

CORPORATE CLAIM FOR BREACH OF CALIFORNIA FIDUCIARY DUTY

162.   The PRUDENTIAL-BACHE GROUP OF DEFENDANTS and the KYOCERA GROUP OF DEFENDANTS caused the reorganization to close notwithstanding their own non-compliance with the reorganization agreement, all in breach of their fiduciary duties to LAPINE HOLDING, PRE-MERGER LAPINE, and POST-MERGER LAPINE, and to the minority shareholders thereof.

163.   In addition; the continuing pursuit of their dispute by the PRUDENTIAL-BACHE COMPANIES and KYOCERA to the point of completely paralyzing and destroying the business of LAPINE HOLDING, PRE-MERGER LAPINE, and POST-MERGER LAPINE, constitutes willful, bad faith breach of their fiduciary duties to those corporations and to the class of minority shareholders including plaintiff.

164.   The defendants' breaches of fiduciary duty have proximately caused the complete paralysis and destruction of the business of LAPINE HOLDING, PRE-

1    MERGER IAPINE, and POST-MERGER IAPINE.

2    165.    Plaintiff is informed and believes and on that ground alleges that the

3    damage proximately caused to the corporations IAPINE HOLDING, PRE-MERGER

4    IAPINE, and POST-MERGER IAPINE by the defendants' breaches of fiduciary duty

5    consists of the complete destruction of the business which was worth at least

6    $66.7 million at the time of the reorganization.

7    166.    Plaintiff is entitled to recover, on behalf of IAPINE HOLDING and POST-

8    MERGER IAPINE, for the benefit of shareholders thereof other than the

9    defendants, at least $22.5 million.

10    167.    Plaintiff is further entitled to a judgment that the liability of the

11    PRUDENTIAL-BACHE COMPANIES and of the KYOCERA DEFENDANTS to IAPINE HOLDING,

12    POST-MERGER IAPINE and PRE-MERGER IAPINE exceed the value of said defendants'

13    shareholder interests in said companies, and their shareholder interests

14    therefore should be cancelled in partial satisfaction of that liability,

15    based upon the value, if any, of those shareholder interests at the time

16    judgment is entered.

17    168.    Plaintiff is entitled, in the alternative, to have a constructive trust

18    imposed upon the stock of IAPINE HOLDING and POST-MERGER IAPINE in the hands

19    of defendants, and upon the proprietary technology of the IAPINE COMPANIES.

20    ELEVENTH COUNT:    SHAREHOLDERS' DERIVATIVE ACTION FOR VIOLATION OF CAL.

21    PERMIT; CAL. CORP CODE SECS. 25120 AND 25504.1; SEEKING EQUITABLE REMEDIES

22    AND DAMAGES AGAINST ALL DEFENDANTS

23    169.    Plaintiff refers to and incorporates herein by this reference the

24    following:

25        (A)    paragraphs 1 through 3 concerning jurisdiction and venue

26        (B)    paragraphs 4 through 26 concerning the identity of plaintiff and the

27    class allegations

28        (C)    paragraphs 27 through 51 identifying defendants and alleging their



1  material aiding of the illegal transactions

2      (D)  paragraphs 52 through 66 alleging the exchange of securities with

3  plaintiff and the class in the reorganization

4      (E)  paragraph 67 alleging written representations

5      (F)  paragraphs alleging materiality of representations and omissions

6  (68, 87-89), inducement (69, 70), justifiable reliance (71, 72), falsity and

7  misleading nature of representations and omissions (73-79), misleading of

8  plaintiff and the class (80-82), defendants' knowledge and scienter (83-86),

9  injury (90-93), proximate causation (94, 95), and damages (96-99).

10     (G)  derivative allegations (154-156).

11  170.  The defendants, and each of them, with intent to deceive or defraud

12  LAPINE TECHNOLOGY CORPORATION (both PRE- and POST-MERGER) and LAPINE HOLDING

13  and their minority shareholders, materially assisted in violation of a

14  "condition of qualification" of the permit issued to LAPINE HOLDING for the

15  reorganization, all within the meaning of California Corporations Code Sec.

16  25504.1.

17  171.   LAPINE TECHNOLOGY CORPORATION and LAPINE HOLDING are entitled to

18  orders imposing a constructive trust upon their stock and upon their

19  technology and other assets in the hands of the defendants and to equitable

20  re-distribution of that stock to mitigate the injuries which the defendants

21  have caused.

22  172.   LAPINE TECHNOLOGY CORPORATION and LAPINE HOLDING are entitled to

23  damages from the defendants, jointly and severally, pursuant to California

24  Corporations Code Sec. 25504.1 for the injuries inflicted on them and their

25  business by defendants.

26                            PRAYER

27  WHEREFORE PLAINTIFF PRAYS JUDGMENT ON BEHALF OF HIMSELF AND THE CLASS AS

28  FOLLOWS:

1. For compensatory damages according to proof at trial but not less than $22.5 million, jointly and severally from the defendants.

2. For exemplary damages in the amount of at least $50 million against the PRUDENTIAL-BACHE COMPANIES.

3. For exemplary damages in the amount of at least $50 million against the KYOCERA COMPANIES.

4. For exemplary damages against the other defendants according to proof at trial.

5. For declaratory relief as sought in the Eighth Count hereinabove.

6. For pre-judgment interest.

7. For imposition of a constructive trust upon the stock, proprietary technology, and other assets of LAPINE TECHNOLOGY CORPORATION and LAPINE HOLDING for the benefit of the plaintiff class of shareholders.

8. For damages in favor of LAPINE TECHNOLOGY CORPORATION and LAPINE HOLDING.

9. For such other or additional relief as the Court deems just in the circumstances.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all matters as to which a jury trial is provided as a matter of right or otherwise pursuant to the United States Constitution, the Constitution of the State of California, the Statutes and Rules of the United States and its Courts, and the Statutes and Rules of the State of California.

DATED: Nov 23, 87    LOWELL R. WEDEMEYER, LAWYER

BY _Lowell R. Wedemeyer_

LOWELL R. WEDEMEYER

ATTORNEY TO PLAINTIFF THOMAS M. EVANS, JR.

1

2                                    VERIFICATION

3    I, the undersigned THOMAS M. EVANS, JR., declare under penalty of

4    perjury that I am the plaintiff herein and have read the

5    foregoing complaint and know its contents.  The allegations

6    therein are true of my own knowledge, except for those

7    allegations made on information and belief and as to those

8    allegations I am informed and believe they are true.

9

10   I declare under the laws of the State of California that the

11   foregoing is true and correct.  Executed at Campbell, California,

12   Nov. 23, 1987.

13

14                    _Thomas M. Evans Jr._

15                    THOMAS M. EVANS, JR.

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT