**EXHIBIT 4**

## NOTICE TO PUTATIVE CLASS MEMBERS

TO: FORMER SHAREHOLDERS OF LAPINE TECHNOLOGY CORPORATION WHO RECEIVED PROMISSORY NOTES AND WARRANTS OF LAPINE HOLDING COMPANY IN THE DECEMBER, 1986 REORGANIZATION OF LAPINE HOLDING COMPANY

In December, 1987, an action was filed in the United States District Court for the Northern District of California, San Jose, California, entitled THOMAS M. EVANS, JR., an individual, on behalf of himself and a class of all others similarly situated, Plaintiff, vs PRUDENTIAL SECURITIES GROUP, INC., a Corporation; PRUDENTIAL-BACHE TRADE CORPORATION, a corporation; PRUDENTIAL CAPITAL AND INVESTMENT SERVICES, INC., a corporation; R&D FUNDING CORP., a corporation; LOUIS C. GERKEN, an individual; CHARLES W. JACOB, an individual; EDGAR J. ROBERTS, JR., an individual; THELEN, MARRIN, JOHNSON & BRIDGES, a partnership; KYOCERA CORPORATION, a corporation organized under the law of Japan; KYOCERA (HONG KONG), LTD., a corporation; LAPINE HOLDING COMPANY, A Delaware Corporation; LAPINE TECHNOLOGY CORPORATION, a California Corporation, Defendants.

This notice is to advise you that the action has been dismissed by order of the court on July 22, 1988 pursuant to stipulation. The action was not certified as a class action by the court and no determination was made by the court as to the merits of the action.

The stipulation provided for settlement and dismissal of plaintiff Evans' personal claims alone. Defendants agreed to pay $20,000, of which approximately $9,000.00 was paid to reimburse plaintiff's attorney for out-of-pocket costs and expenses and the balance of approximately $11,000 is to be used for a charitable contribution in defendants' names to the Harker Academy, a non-profit school. Plaintiff does not receive any net benefit beyond reimbursement of his attorney's out-of-pocket costs and expenses and no attorneys fees are to be paid to plaintiff's counsel. Under the terms of the settlement the dismissal of plaintiff's action does not bind any member of the putative class and does not release or otherwise bar claims of any member of the putative class, other than Mr. Evans.

The Settlement Agreement further provides for the preservation for three years of documentary evidence which plaintiff's counsel obtained in the litigation, and provides a mechanism for putative class members to obtain access to such documents, subject to terms and conditions specified in the Settlement Agreement. A copy of the Settlement Agreement will be mailed to any putative class member upon written request to Paul Dawes, Esq., Thelen, Marrin, Johnson & Bridges, Two Embarcadero Center, Suite 2200, San Francisco, California 94111. In addition, the pleadings and the full text of the Settlement Agreement, may be inspected in the files of the Clerk of the United States District Court, Northern District of California, 280 South First Street, San Jose, California 95113.

Inquiries may be directed to plaintiff's counsel, Lowell R. Wedemeyer, Esq., P.O. Box 6367, Malibu, California 90265, to counsel for the Kyocera Defendants, c/o David Grace, Esq., Spensley Horn Jubas & Lubitz, 1880 Century Park East, Fifth Floor, Los Angeles, California 90067, or to counsel for the Prudential Defendants c/o Paul Dawes at the address indicated above. DO NOT TELEPHONE THE COURT CONCERNING THIS SETTLEMENT.

BY ORDER OF THE HONORABLE ROBERT P. AGUILAR, JUDGE OF THE UNITED STATES DISTRICT COURT,

WILLIAM L. WHITTAKER, CLERK
280 South First Street, San Jose, California, 95113