**EXHIBIT 6**

THE SECRETARIAT OF THE COURT OF ARBITRATION

INTERNATIONAL CHAMBER OF COMMERCE

| | |
|---|---|
| ANTHONY N. LaPINE,            ) | |
| ) | |
| Claimant,         ) | |
| ) | |
| vs.                                  ) | No. 7099/BGD/OLG/ESR/MS |
| ) | |
| KYOCERA CORPORATION,  ) | |
| ) | |
| Defendant.         ) | |
| ) | |

**EXHIBITS TO CLAIMANT'S RESPONSE TO KYOCERA'S
<u>MOTION FOR SUMMARY ADJUDICATION</u>**

**EXHIBIT C**

GERGOSIAN & GRALEWSKI LLP
EDWARD M. GERGOSIAN (105679)
ROBERT J. GRALEWSKI, JR. (196410)
BROOKE E. WEST (234411)
550 West C Street, Suite 1600
San Diego, CA  92101
Telephone:  (619) 230-0104
Facsimile:   (619) 230-0124

Attorneys for Claimant Anthony N. Lapine

THE SECRETARIAT OF THE COURT OF ARBITRATION

INTERNATIONAL CHAMBER OF COMMERCE

| | |
|---|---|
| ANTHONY N. LaPINE, ) | No. 7099/BGD/OLG/ESR/MS |
| ) | |
| Claimant, ) | |
| ) | **DECLARATION OF CLAIMANT** |
| vs. ) | **ANTHONY N. LAPINE** |
| ) | |
| KYOCERA CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

I, Anthony N. LaPine hereby declare as follows:

In October 1986, after the Agreement in Principle was signed, I resigned from my position as the chief Executive Officer of LaPine Technology, and relinquished all company management responsibilities. At the same time, I agreed to resign as the Chairman of the Board upon the closing of the reorganization of LaPine Technology.

2. During my tenure at LaPine Technology, it was common practice to include a LaPine Technology cover sheet with each document that was faxed.

3. I went to the offices of Thelen, Marrin, Johnson & Bridges (counsel for Prudential) on December 24, 1986, to sign the documents necessary to permit the reorganization closing to go forward on December 29, 1986. I signed the documents provided to me by Prudential's counsel, and I signed each of those documents in the place where my signature was required.

4. Prior to signing those documents at Thelen Marrin on December 24, 1986, I did not receive or see Kyocera's December 22, 1986 letter (attached as Exhibit 6 to Kyocera's Motion for Summary Adjudication) reporting to Prudential and LaPine Technology that Kyocera did not intend to sign the Amended Trading Agreement.

5. At the time I signed those documents at Thelen Marrin on December 24, 1986, I assumed that all the documents would be signed by all other parties as required by the Definitive Agreement. No one brought to my attention that any problems existed in closing the transaction.

6. After signing the documents, I left Thelen Marrin's office at about 3 pm on December 24, 1986, went home and left for Hawaii on December 26, 1986. I did not go to LaPine Technology's office on December 24, 1986. I had completely cleared out my office before December 24, 1986, and did not return to the company after the signing ever again.

7.  I did not sign a waiver. I never agreed to waive any of the requirements of the Definitive Agreement. I would not have signed a waiver had I been presented with one at the Thelen Marrin offices on December 24, 1986, and I certainly would not have signed a waiver *after* signing all of the documents was required to sign to close the transaction.

I declare under penalty of perjury of the laws of California that all of the information contained in this declaration is true and correct. Executed this 18th day of October, 2006 in Los Gatos, California.

DATED: October 18, 2006

_____
ANTHONY N. LaPINE